THE STATE OF OHIO, APPELLANT, *v.* LOUDERMILL, APPELLEE.

(No. 38663—Decided April 7, 1965.)

*Mr. Harry Friberg,* prosecuting attorney, and *Mr. Joseph J. Jan,* for appellant.

*Mr. Max Britz* and *Mr. Gene W. Krick,* for appellee.

SCHNEIDER, J.  Two questions are presented in this appeal:

First, is a majority of this court persuaded to abandon the pronouncement in paragraph two of the syllabus of *State* v. *Patterson*, 172 Ohio St. 319, and to re-embrace the former rule of long standing as exemplified by *Bandy* v. *State*, 102 Ohio St. 384, *Freeman* v. *State*, 119 Ohio St. 250, and *State* v. *Muskus*, 158 Ohio St. 276?

Second, was the Court of Appeals justified in concluding that the evidence presented in this case was sufficient to support a finding by the jury that defendant was guilty of the lesser included offense of manslaughter?

Obviously, if this court were not willing to reconsider *Patterson*, the solution to this appeal would be preordained. The judgment of the Court of Common Pleas would be reinstated regardless of the sufficiency of the evidence to support a conviction of manslaughter.

However, the majority of the court as presently constituted is not so disposed. We do not cavil the reasoning of *Patterson*, which departed from immemorial precedent in this state. But good reasons must, of force, give place to better, particularly where, as in *Patterson*, no change of conditions or circumstances justifying a trespass on the rule of *stare decisis* is noted, except a "tendency in some jurisdictions toward the requirement of instructing on all possible lesser included offenses."

Whatever the practice of other jurisdictions or indeed at common law, the basic constant is that Ohio criminal law is a creature of statute. Not only intent but *purpose* is an element of murder in the first degree (Section 2901.01, Revised Code) and of murder in the second degree (Section 2901.05, Revised Code). The concept of lesser included offenses is vitalized by statute (Section 2945.74, Revised Code) not by the common law.

The statutory commandments are clear. The evidence, as well as the law, governs the charge of the court in a criminal case (Section 2945.11, Revised Code), and the charge must be consistent with the evidence. It is the duty of the court to give, as well as that of the jury to consider, a charge on the lesser included offenses which are shown by the evidence to have been committed.

This salutary rule requires the jury neither to speculate

nor to mete out punishment. On the contrary, if evidence tending to prove a lesser included offense is present and a jury is inhibited by the charge from finding defendant guilty thereof, the collective conscience of that body may too easily be disposed to fabricate the elements of the crime charged in the indictment and to find defendant guilty as charged rather than risk, by a verdict of acquittal, turning the malefactor loose upon a society grievously harmed by his act. This is speculation at its worst and a natural and probable consequence of a failure to charge on a lesser included offense when evidence of its commission is present. Particularly is this true in cases of murder which require the additional element of ''purpose.''

Conversely, under an indictment for murder a jury is positioned to determine punishment only where it is instructed on a lesser included offense and the *evidence* fails to support that offense. If defendant is not guilty of murder, his liberty should not be dickered away by a compromised verdict upon another crime, *which is supported by no evidence. Bandy* v. *State, supra.* We therefore conclude to overrule paragraph two of the syllabus of *Patterson.*

Being so persuaded, it now becomes necessary to consider the second question involved: Whether the Court of Appeals was correct in finding sufficient evidence in the record by which the jury, if properly instructed, might have found defendant guilty of manslaughter rather than murder in the second degree. For this purpose, it is unnecessary to indulge in a lengthy review of the confusing testimony as both lower courts did so excellently in their respective opinions. It will suffice to point out that the killing occurred on a public street in the city of Toledo, Ohio; that it occurred in the course of a brief struggle between defendant and deceased after defendant rushed over from the car which she was driving to a parked automobile in which deceased was sitting; that decedent jumped from the car at the approach of defendant and the two mutually engaged in the struggle; that defendant had in her hand a gun which she had purchased some time before this incident to protect herself and her family from possible intruders because her husband was frequently away on business; that she hid the gun from her children in the pockets of various coats in her closet; that, ac-

cording to her testimony, the gun happened to be in the particular coat which she selected prior to going out on this occasion; that, as she rushed from her car to the car in which decedent was sitting, she grabbed it in the pocket to keep it from "jumping up and down"; and that the gun was not discharged until a third party, one John Cal (the driver of the car in which decedent had previously been seated), engaged both defendant and decedent in a struggle to obtain the gun from defendant.

Although there is sufficient evidence to support the theory of the state that defendant deliberately took the gun from her home and with equal deliberation started out in pursuit of decedent, who, she feared, was keeping company with her husband and represented a threat to her home and marriage, the evidence also supports defendant's contention that, when she found the automobile in which decedent was seated, defendant believed that it contained John Cal and her husband and that she got out of her automobile to inquire of her husband why he had not waited for her to pick him up as he had previously ordered her to do. It is, therefore, sufficient to support a conviction of manslaughter, either upon sudden provocation or hot blood or as a result of the commission of an unlawful act (assault and battery, Section 2901.25, Revised Code; discharging a pointed firearm, Section 3773.04, Revised Code; discharging a firearm on a public highway, Section 3773.211, Revised Code).

We repeat with approval the last paragraph of the unanimous opinion of the Court of Appeals, by Judge Smith:

"We are mindful of the difficulty confronting the trial judge in ascertaining and delineating the lesser included offense to be charged, but it is incumbent under the evidence and the law and his duty to do so, recognizing that the jury may believe all, part or none of the state's evidence. The dangerous alternative arises and is of concern not only to the accused but to the state, that a man guilty of only the lesser crime may be convicted of the higher on insufficient evidence, or result in a murderer being acquitted because the state has failed to prove an element of the higher crime. The jury should not be denied its right to pass upon the credibility and weight of the evidence by failing to charge a lesser included offense where there is

evidence tending to support a charge of a lesser included offense.''

Since no other than a manslaughter charge was requested, it is not incumbent on us to rule on the omission of a further charge. However, we call attention to paragraph four of the syllabus of *State* v. *Champion,* 109 Ohio St. 281: ''Where, under the evidence, it is clear and convincing that the force and violence complained of by the state killed the deceased, a charge of assault and of assault and battery is improper.'' Here, that charge would have been equally improper, and the trial court would have failed in its duty to the state if it had supplied the omission. The jury may well have concluded that death resulted from the act of John Cal in wrestling the gun from the possession of defendant and acquitted her. But, that decedent died of a bullet from defendant's gun was beyond a reasonable doubt and if the jury found, as in this case it must have found, that Maggie Loudermill voluntarily discharged that gun, a proper verdict could only be for second degree murder or manslaughter.

The judgment is affirmed and the cause remanded to the Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment affirmed.*

TAFT, C. J., HERBERT and BROWN, JJ., concur.
ZIMMERMAN, MATTHIAS and O'NEILL, JJ., dissent.