The STATE of Ohio, Appellee,

v.

WASZILY, Appellant.

[Cite as *State v. Waszily* (1995), 105 Ohio App.3d 510.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67610.

Decided Aug. 4, 1995.

---

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Frank C. Gasper,* Assistant Prosecuting Attorney, for appellee.

*Mark R. DeVan,* for appellant.

JAMES D. SWEENEY, Presiding Judge.

Defendant-appellant Sean A. Waszily appeals from his bench trial conviction of one count of aggravated burglary in violation of R.C. 2911.11(A)(3), as charged in the indictment.[1] For the reasons adduced below, we affirm in part and reverse in part, vacate the conviction and order the appellant discharged.

A review of the record on appeal indicates that only two witnesses testified at the trial, both of whom offered testimony on behalf of the prosecution. The first witness was Terri Savage, who stated the following: (1) she is twenty-six years old and unmarried; (2) on the date of the offense, June 5, 1993, she and her infant daughter resided at her parents' house at 144 West Grace Street, Bedford, Ohio; (3) Waszily is the father of her infant daughter; (4) on the date of the offense, the witness's parents were away for the weekend; (5) she and Waszily had telephone conversations earlier that day and had arranged for Waszily to come over to see the baby[2]; (6) Waszily called later that day to tell her that he would be late for the visit, so a new time for that day was agreed to by the couple; (7) as the day turned to evening, and Waszily had not appeared, the witness telephonically paged the defendant and told him that she was putting the

---

1. R.C. 2911.11(A)(3) provides:

    "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure, as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, *with purpose to commit therein any theft offense,* as defined in section 2913.01 of the Revised Code, *or any felony,* when any of the following apply:
    "* * *
    "(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present." (Emphasis added.)

2. The witness admitted that her parents disapproved of Waszily, and Waszily's parents disapproved of the witness.

baby to bed soon, so Waszily said he would be over at another time later that evening; (8) this new time, approximately 10:00 p.m., also passed without Waszily appearing, so the witness again paged Waszily and told him that the baby was sleeping and to visit the baby the next day; (9) at approximately 11:00 to 11:30 p.m., Waszily, upset and angry, telephoned from a location down the street and said he wanted to come over to see the baby; (10) the witness, having been awakened from her sleeping, told him not to come over, it was too late in the evening; (11) at approximately 1:00 a.m., the witness was awakened by the knocking of Waszily at her side door; (12) speaking through a screened bathroom window, Waszily said that he wanted to come in to see the witness and the baby; (13) thinking that he had been drinking, the witness told him it was not a good idea to visit at that time of night and that his ranting and raving would wake the baby; (14) Waszily, being refused entry to the house, then put his fist through the bathroom window screen and entered the home through that window; (15) inside the home, Waszily was still upset and wanted to know where the baby was and whether she had another man in the house; (16) the couple argued and fought throughout the first floor of the structure, which awakened the baby, who was in an upstairs bedroom; (17) the couple went upstairs and retrieved the upset baby, and as Waszily calmed down in the kitchen, the witness threatened to call the police if he did not leave; (18) Waszily threatened to kill her if she called the police because he was on probation and he feared going back to jail; (19) some time later, Waszily's friend, Sam Trazino, who had been waiting in Waszily's car outside, came to the door and persuaded Waszily to leave the house; (20) as Waszily was leaving, the witness told him that he had better plan on fixing the screen because her parents would be mad, then locked the door and called the police; (21) the police arrived a short time later and could not locate the damaged bathroom window screen; (22) the entire episode of Waszily's visit and tirade took perhaps one hour; (23) the witness has had no contact with Waszily since that night; (24) Waszily stole nothing from the home; (25) the couple had been engaged for about one year at the time of the offense, but she gave him back the engagement ring on the night of the offense before he left the house; (26) neither she nor the baby was physically hurt in any way by Waszily, nor was there an attempt to hurt them by Waszily.

The second witness was city of Bedford Police Sergeant Robert Kohn, who testified as follows: (1) while on patrol on the date of the offense, he responded to a radio dispatch to the scene of the offense, arriving at the scene at 1:30 a.m.; (2) Savage told him what had occurred; (3) he searched the area and also radioed a broadcast of the suspect's identity and a description of the suspect's vehicle with license plate number; (4) a short time later, the suspect's vehicle was located, so the witness went to that location; (5) inside the suspect's vehicle the witness found the damaged bathroom window screen from Savage's house.

At the close of the prosecution's case the defense moved for acquittal pursuant to Crim.R. 29. This motion was denied.

The defense then rested subject to the admission into evidence of a series of letters between the couple. The defense then renewed its motion for acquittal. This motion was denied. The court then found Waszily guilty of the offense charged in the indictment.[3]

Following the preparation of a presentence investigation report, the court, on June 20, 1994, sentenced Waszily to a term of five to twenty-five years. This appeal presents two assignments of error.

## I

"The trial court erred in convicting the appellant of aggravated burglary because there was insufficient evidence presented on the element of intent to commit a theft offense or a felony *at the time* of entry, and thus the appellant's conviction is against the manifest weight of the evidence." (Emphasis *sic.*)

In addressing an assignment based on sufficiency of the evidence, our review is based on whether a rational trier of fact, after viewing the evidence admitted at trial in a light most favorable to the prosecution, could have found the essential elements of the crime proven beyond a reasonable doubt. See *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

In convicting Waszily of aggravated burglary, the trial court necessarily found the essential elements of the crime charged, to wit, that Waszily entered the home "with purpose to commit therein" a theft offense or a felony. See R.C. 2911.11(A). Appellee argues that these elements were satisfied as follows: (1) Waszily's taking of the damaged window screen from the home constituted a theft offense; and (2) Waszily's restraining Savage of her liberty and threatening Savage after entering the home demonstrated the felony element in that appellant's actions were akin to kidnapping and releasing the victim in a safe place unharmed, a second degree felony pursuant to R.C. 2905.01(A) and (C).

The "theft" theory presented by the prosecution is clearly not supported by the evidence. By all indications, Waszily took the damaged screen to be repaired at the urging of Savage. Also, Savage testified that nothing was stolen from the house. Finally, the particular circumstances of this case support the contention that Waszily's purpose or intent at the moment of entering the structure was not

---

**3.** Neither the parties nor the trial court requested at trial any potential lesser included offenses to the charged offense of aggravated burglary, such as burglary (R.C. 2911.12[A][3], a fourth degree felony) or criminal trespass (R.C. 2911.21[A][1] and [3], a fourth degree misdemeanor). Instead, defense counsel strategically relied on his ability to obtain an acquittal solely on the charged offense and foreclosed a possible intermediate result.

to steal a window screen but to visit his infant daughter and to remove any doubt from his mind that Savage was sleeping alone that night. See *State v. Flowers* (1984), 16 Ohio App.3d 313, 16 OBR 344, 475 N.E.2d 790 (absent circumstances to the contrary, one who forcefully enters a dwelling raises the reasonable inference that he does so with the intent to commit a theft offense); see, also, *In re Dobbelaer* (1993), 63 Ohio Misc.2d 303, 626 N.E.2d 709 (for purposes of R.C. 2911.11[A][3], the intent to commit a theft offense must exist at the time of a trespass).

We also conclude that the evidence does not support a finding that Waszily had the purpose to commit a felony at the moment he entered the dwelling. Again, at the moment he entered the dwelling through the bathroom window, Waszily's intent, as demonstrated by the uncontested testimony of Savage, was to see his baby daughter and to see if his fiance was sleeping with another man. Threatening Savage with death should she call the police and restraining her liberty were not contemplated by Waszily at the moment he pulled his body through the window; rather, these reprehensible intentions and actions manifested themselves subsequent to the entry of the dwelling.

As all the essential elements of the charged offense have failed to have been demonstrated, the conviction for the offense of aggravated burglary is necessarily vacated.[4]

The first assignment of error is sustained.

## II

"The trial court's conviction of appellant is erroneous because the appellant's prosecution for aggravated burglary was initiated by an indictment that was so

---

4. While the lesser included offenses mentioned in footnote 3 would apply under the facts of this case, we choose not to exercise our authority pursuant to App.R. 12(B) to modify the original conviction on the charged offense to a conviction on one of the lesser included offenses. We take this position for the reason that (1) the parties at trial did not seek a lesser included offense; (2) the trial court, which is presumed to have acted with regularity and considered the potential lesser offenses available before ruling on the case, did not mention any lesser included offenses at trial and did not find the defendant guilty of any lesser offenses; (3) we do not wish to usurp the functions of the county prosecutor and the grand jury, *particularly where more than one lesser offense may apply,* for if they wish to have this defendant charged with one of the lesser offenses, that is their determination.

The pertinent language of App.R. 12(B), which authorizes this discretionary power we exercise in this majority opinion, provides:

"When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the court of appeals shall reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered [in this case, the acquittal on the offense of aggravated burglary] *or* remand the case to the court with instructions to render such judgment or final order." (Emphasis added.)

defective that it deprived the appellant of due process of law, and the trial court lacked jurisdiction to convict the appellant."

In this assignment, appellant argues that the indictment on the charged offense, aggravated burglary, was vague in failing to provide information as to which element, a theft or a felony, Waszily had the purpose to commit, thereby providing inadequate notice of the charges he would be required to defend.

The one-count indictment in this case for aggravated burglary in violation of R.C. 2911.11(A)(3) provided the following:

" * * * [Defendant] unlawfully and by force, stealth, or deception, trespassed in an occupied structure as defined in Section 2909.01 of the Revised Code, or in a separately occupied portion thereof with the purpose to commit therein a theft offense as defined in Section 2913.01 of the Revised Code or a felony, and the occupied structure involved is the permanent or temporary habitation of Terri Savage, in which at the time any person was present or likely to be present.

"SPECIFICATION ONE: (Violence)

"The Grand Jurors further find and specify that during the commission of the offense, the offender caused physical harm to Terri Savage."

Quite clearly, the indictment language tracked the language of the statute, which is allowed and has been held to provide adequate notice of the elements of the charged offense. *State v. Murphy* (1992), 65 Ohio St.3d 554, 605 N.E.2d 884; *State v. Mills* (1992), 62 Ohio St.3d 357, 582 N.E.2d 972; Crim.R. 7(B). Further, an indictment is not improper or inadequate if it "does not designate and define the particular felony intended to be committed." *State v. Castell* (Aug. 20, 1992), Cuyahoga App. No. 61352, unreported, at 4–5, 1992 WL 205130, citing *State v. Groves* (1909), 80 Ohio St. 351, 88 N.E. 1096. Accordingly, we conclude that the indictment in this case was not inadequate or ambiguous.

As a subargument in this assignment, appellant argues that the bill of particulars did not give him fair notice of the specific charges, theft or felony, which formed the basis for the indictment. A reading of the bill of particulars in this case reflects a reiteration of the indictment with the addition of the date, time and location of the offense.

Appellant's understanding of the purpose of a bill of particulars is flawed. A bill of particulars' purpose is to "particularize the conduct of the accused alleged to constitute the charged offense." *State v. Sellards* (1985), 17 Ohio St.3d 169, 171, 17 OBR 410, 411–412, 478 N.E.2d 781, 784. It is not the purpose of a bill of particulars "to provide the accused with specifications of evidence or to serve as a substitute for discovery." *Id.* We conclude that neither

the indictment nor the bill of particulars was inadequate for its intended purposes.

The second assignment of error is overruled.

The judgment is affirmed in part and reversed in part, the conviction is vacated, and defendant is discharged. The trial court is further ordered to take the necessary steps to effect the release of the appellant from prison.

*Judgment accordingly.*

PORTER, J., concurs.

NUGENT, J., dissents.

DONALD C. NUGENT, Judge, dissenting.

While I agree with the majority of this court in the disposition set forth in Part II of the opinion, I respectfully dissent from the majority's decision to reverse appellant's conviction set forth in Part I.

After a thorough review of the record before this court, I believe that the trial court did not err in finding that the evidence presented before it proved beyond a reasonable doubt that appellant committed all the essential elements of aggravated burglary as defined in R.C 2911.11(A)(3).

Of utmost importance in the majority's decision is the finding that the evidence presented in the instant case does not constitute aggravated burglary as defined in R.C. 2911.11(A)(3). This finding of the majority is premised upon the fact that, in the view of the majority, no rational trier of fact could view the evidence presented before the trial court and determine that the appellant trespassed in an occupied structure, which, at the time, was Savage's permanent habitation, and in which, at the time, any person was present, "with purpose to commit therein" a theft or felony offense. Having found that the evidence presented does not warrant a conviction for aggravated burglary, the majority vacates the decision of the trial court and orders the appellant discharged. Because I feel that the evidence, at the very least, indisputably shows that appellant's acts were in violation of the lesser included offense of burglary as defined in R.C. 2911.12(A)(3), I respectfully dissent from the opinion expressed by the majority.

## A

Initially, I must take issue with the majority's assertion that "for purposes of R.C. 2911.11(A)(3), the intent to commit a theft offense must exist at the time of a trespass." See *In re Dobbelaer* (1993), 63 Ohio Misc.2d 303, 626 N.E.2d 709. While I acknowledge that the courts of the state of Ohio are in disagreement with respect to the time at which the "purpose" element of R.C. 2911.11 must be

present (see *State v. Clelland* [1992], 83 Ohio App.3d 474, 615 N.E.2d 276, fn. 3), it is my view that the necessary purpose element can be shown to exist either before or during the trespass within the dwelling. I am of the opinion that due to the fact that "the crime of aggravated burglary continues so long as the defendant remains in the structure being burglarized" (*State v. Powell* [1991], 59 Ohio St.3d 62, 571 N.E.2d 125, paragraph one of syllabus), the element of purpose to commit a theft offense or felony can exist any time throughout the course of the burglary.

Therefore, under the facts of the present case, I would affirm the verdict of the trial court. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether the evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. It is my opinion that the record clearly shows that the trial court closely considered all the evidence and testimony presented before it.

Pursuant to my belief that the purpose element of R.C. 2911.11(A)(3) can exist any time during the burglary, it is my opinion that there was presented ample evidence upon which the trial court could have found the defendant guilty beyond a reasonable doubt of the crime of aggravated burglary.

However, the majority has found that the evidence does not support a finding that appellant had the purpose to commit a theft offense or felony as required by R.C. 2911.11(A)(3). Therefore, I find myself in the minority on this issue as well. For this reason, I will focus my dissent upon the majority's ultimate determination of this matter.

## B

My main contention with the majority opinion rests with the failure of the majority to reduce the judgment of conviction from aggravated burglary to burglary, R.C. 2911.12(A)(3), and to remand the case with the appropriate instructions to the trial court. I strongly disagree with the majority's reasoning in footnotes 3 and 4 for not remanding the case to the trial court for resentencing on the lesser included offense of burglary, R.C. 2911.12(A)(3), pursuant to App.R. 12(B). Footnote 3 of the majority opinion states:

"Neither the parties nor the trial court requested at trial any potential lesser included offenses to the charged offense of aggravated burglary, such as burglary, R.C. 2911.12(A)(3), a fourth degree felony, or criminal trespass, R.C.

2911.21(A)(1) or (3), a fourth degree misdemeanor. Instead, defense counsel strategically relied on his ability to obtain an acquittal solely on the charged offense and foreclosed a possible intermediate result."

As previously stated, I believe the evidence presented was sufficient for the trial court to find that the appellant had the "purpose" required for a conviction pursuant to R.C. 2911.11(A)(3). However, even assuming *arguendo* that the appellant did not have the "purpose" required by R.C. 2911.11(A)(3), the facts as presented before the trial court and, more important, as admitted by appellant, both in his brief and during oral argument, as well as specifically stated by the majority herein (see footnote 4), clearly show that the appellant's actions constituted the lesser included offense of burglary per R.C. 2911.12(A)(3).

An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other, (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed, and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294. Burglary, R.C. 2911.12, is, as statutorily defined, a lesser included offense of aggravated burglary, R.C. 2911.11. See Committee Comment to H.B. No. 511, *infra.* Aggravated burglary and burglary are statutorily defined in such a manner that the elements of burglary, aside from the required mental state, are always met whenever an aggravated burglary has been committed. The "common element" shared by both of these offenses is the act of a trespass in an occupied structure at the time any person is present or likely to be present.

In the present case, even if one agrees with the majority and finds that the appellant did not enter the home with the requisite "purpose" to warrant a conviction for aggravated burglary, the facts, as outlined in the majority opinion and admitted in appellant's brief, clearly warrant a conviction for burglary.

Again, it must be stressed that the present case was a bench trial; therefore, the majority's concern about the trial court's failure to mention lesser included offenses is misplaced. Because the present case was a bench trial, none of the typical safeguards regarding the giving of jury instructions on lesser included offenses is pertinent. See, for example, *Deem, supra; State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286; *State v. Minkner* (1993), 93 Ohio App.3d 127, 637 N.E.2d 973. The purpose of these safeguards is to ensure that the *jury* can consider a charge on a lesser included offense when the evidence shows that the offense could have been committed. The rationalization of the safeguards was clearly stated in *State v. Loudermill* (1965), 2 Ohio St.2d 79, 81, 31 O.O.2d 60, 61, 206 N.E.2d 198, 200:

"[I]f evidence tending to prove a lesser included offense is present and a jury is inhibited by the charge from finding defendant guilty thereof, the collective

conscience of that body may too easily be disposed to fabricate the elements of the crime charged in the indictment and to find defendant guilty as charged rather than risk, by a verdict of acquittal, turning the malefactor loose upon a society grievously harmed by his act."

In its footnote 4, the majority stresses that its decision not to remand the present case is based upon the following factors: "(1) the parties at trial did not seek a lesser included offense; (2) the trial court, which is presumed to have acted with regularity and considered the potential lesser offenses available before ruling on the case, did not mention any lesser included offenses at trial and did not find the defendant guilty of any lesser offenses; (3) we do not wish to usurp the functions of the county prosecutor and the grand jury, *particularly where more than one lesser offense may apply,* for if they wish to have this defendant charged with one of the lesser offenses, that is their determination."

What the majority fails to consider is that, because the present case was a bench trial, the parties at trial were not required to seek a lesser offense. A criminal defendant is entitled to a charge on a lesser included offense only where the evidence warrants it. *State v. Kidder* (1987), 32 Ohio St.3d 279, 280, 513 N.E.2d 311, 313–314; *State v. Kilby* (1977), 50 Ohio St.2d 21, 4 O.O.3d 80, 361 N.E.2d 1336; *State v. Nolton* (1969), 19 Ohio St.2d 133, 48 O.O.2d 119, 249 N.E.2d 797. As the majority clearly states, the trial court is presumed to know the law and apply it accordingly. Therefore, it is presumed that the trial court considered all of the lesser included offenses warranted by the evidence and concluded that appellant's acts constituted the most severe offense charged.

The trial court clearly knew the law and specifically found that the appellant forcibly trespassed in the permanent habitation of the Savages when persons were present with the "purpose to commit therein any theft offense or any felony." The majority states that the trial court "did not mention any lesser included offenses at trial and did not find the defendant guilty of any lesser included offenses." (See majority opinion, footnote 4). Of course not. The trial court found the defendant guilty of the greatest of all the property offenses: aggravated burglary. By finding the defendant guilty of the greater offense, the trial court necessarily found that all the elements of the lesser included offenses were present. *Deem, supra.* Proof which will support a conviction for a principal offense will invariably support a conviction on the lesser. *State v. Nolton, supra.*

In its opinion, the majority admits that the "lesser included offenses mentioned in footnote 3 would apply under the facts of this case." Notwithstanding this admission, the majority decides not to enter judgment against appellant on the lesser included offense of burglary, R.C. 2911.12(A)(3), and remand the cause to

the trial court for resentencing. The majority rests its decision not to remand upon App.R. 12(B), which states:

" * * * When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the court of appeals *shall* reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment or final order." (Emphasis added.)

App.R. 12(B) clearly states that the appellate court *shall* act in a certain manner upon reversal or remand. However, the majority states that it has chosen not to exercise the authority of App.R. 12(B) and then presents three reasons for its decision. It is my opinion that this failure to "render the judgment or final order that the trial court should have rendered" is a violation of the mandates expressed within App.R. 12(B).

App.R. 12(B) is clear in its language: "[Upon a finding] that the appellant is entitled to * * * judgment * * *, the court of appeals shall reverse the judgment * * * and render the judgment * * * that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment." Nothing within App.R. 12(B) grants the discretionary power used by the majority herein.

The majority states that it acts in this manner because it does not "wish to usurp the functions of the county prosecutor and the grand jury, *particularly where more than one lesser [included] offense may apply.*" (Emphasis added.) I find the majority's rationalization in this matter spurious. App.R. 12(B) clearly mandates that the role and function of the appellate court is to "render the judgment or final order that the trial court should have rendered." It is my opinion that the majority's decision not to enter an appropriate judgment is a clear avoidance of the mandated responsibilities set forth in App.R. 12(B). Ironically, the majority's decision acts to usurp nobody's function other than its own.

In essence, the majority holds that even though appellant's acts satisfied the statutory definition of burglary (R.C. 2911.12[A][3] ), the fact that the trial court, after a bench trial, found him guilty of aggravated burglary precludes the appellate court from entering a verdict of guilty to burglary.

The majority holds that such an act by the appellate court would "usurp the functions of the county prosecutor and the grand jury." This assertion by the majority fails to properly consider the roles of those two entities. Neither the role of the county prosecutor nor that of the grand jury could possibly be usurped

if this court were to remand the case on a lesser included offense. See *State v. Davis* (1982), 8 Ohio App.3d 205, 8 OBR 276, 456 N.E.2d 1256.

While I agree that it is within the purview of the majority, upon review of the entire record, to find that the "purpose" element necessary for aggravated burglary did not exist beyond a reasonable doubt, I do not agree that it is within the purview of this court to simply ignore its statutory role and fail to enter a judgment based upon the undisputed facts.

The undisputed facts [5] are as follows:

(1) Appellant did not reside at or own, nor was he welcome at, the home of Savage's parents at 144 West Grace Street, Bedford, Ohio.

(2) On the night of June 5, 1993, appellant came to the residence and demanded entry.

(3) At that time, appellant knew that Savage's home was occupied.

(4) After being denied entry, appellant "punched" the screen window and forcibly entered the home.

(5) Appellant refused to leave the home until he was ready to leave even though Savage repeatedly asked him to leave.

Appellant concedes that, at a minimum, his conduct amounted to trespassing on the land or premises of another. What both the majority and appellant ignore are the undisputed facts that the "premises of another" in which appellant *forcibly* trespassed were an occupied structure that was the permanent habitation of several persons who were present at the time of the forcible trespass.

It is my opinion that these facts, undisputed by the parties, clearly satisfy the statutory definition of burglary, pursuant to R.C. 2911.12(A)(3), which states as follows:

"(A) No person, by force, stealth, or deception, shall do any of the following:

" * * *

"(3) Trespass in a permanent or temporary habitation of any person when any person is present or likely to be present."

Contrary to appellant's contentions, a review of the facts shows that the acts of appellant were *not* merely a criminal trespass; rather, appellant acted in a manner which clearly fulfills the greater offense of burglary.

---

**5.** These facts were in effect stipulated to by the appellant as they were admitted in the brief of appellant (see pp. 8–9) and by appellant's counsel at oral argument, as well as admitted by the majority herein.

Appellant knew he did not have the privilege to enter upon Savage's property. Moreover, it is undisputed that Savage expressly communicated to appellant that he was not welcome at her home. At the moment appellant remained on Savage's *land*, after she expressly told him to leave, he at least committed a criminal trespass. Therefore, under the facts presented, all of the events leading up to appellant's "forcible entrance" into Savage's home at least constituted criminal trespass per R.C. 2911.21. If, before entering the home, appellant had left the premises, the evidence may have only warranted a conviction for criminal trespass; however, at the moment appellant put his fist through the screen, climbed through the window and forcibly entered the Savages' home, his actions became at least those of a burglary pursuant to R.C. 2911.12(A)(3).

The majority agrees with these facts but refuses to remand appellant's conviction to the trial court for resentencing on the lesser included offense of burglary. I cannot speculate on the reasoning behind the majority's decision; however, the reasoning behind the imposition of a felony conviction for appellant's actions is clearly stated in the Committee Comment to H.B. No. 511, which states as follows:

"This section defines a lesser included offense to aggravated burglary, by employing the basic elements of the more serious offense, but without the specific elements of inflicting or threatening injury, or of being armed, or that the structure involved is a home. *Even without the additional elements, the offense is viewed as serious, because of the higher risk or personal harm involved in maliciously breaking and entering an occupied, as opposed to an unoccupied, structure.*" (Emphasis added.)

It is my opinion that the failure of the majority to enter judgment against appellant for burglary, R.C. 2911.12(A)(3), is a violation of the very purpose of an appellate court and a violation of the mandates of App.R. 12(B). The facts are undisputed and the statutory language is clear: the appellant committed acts which, at the very least, clearly constitute a violation of R.C. 2911.12(A)(3). It is my opinion that the General Assembly has written a clear, coherent and well-reasoned criminal law and it is the duty of this court to follow it.

Therefore, based on the foregoing, I would affirm the judgment of the trial court or, in the alternative, enter judgment against appellant for burglary, R.C. 2911.12(A)(3), and remand the cause to the trial court with instructions to resentence appellant pursuant to R.C. 2911.12(A)(3).