OPINION
This timely appeal arises from a jury verdict finding Appellant, Daniel L. Wright, Sr., guilty of two counts of rape, one with a force specification carrying a life sentence. Appellant challenges the trial court's judgment by alleging that the verdict was against the manifest weight of the evidence. Appellant also argues that the trial court erred by refusing to instruct the jury on the lesser included offense of gross sexual imposition. For all of the following reasons, this Court affirms the judgment of the trial court.
On March 22, 1992, the Jefferson County Children Services received a referral concerning the alleged sexual abuse of an eleven-year-old girl by Donald Longo, a sixteen-year-old friend of the family. (Trial Transcript, p. 59). Pursuant to the ensuing investigation, the victim admitted that Longo had forced her to have sex with him. The victim denied having sexual contact with anyone other than Longo. (Trial Transcript, p. 60). On March 13, 1992, Longo was questioned by the police about the allegations and denied any involvement of a sexual nature with the victim. Later, however, Longo voluntarily submitted to a polygraph examination which revealed that Longo's denial evidenced the existence of deception. (Trial Transcript, p. 92). When Longo was informed that he had "failed" the polygraph test he admitted to having sex with the victim.
During the same interview where Longo admitted the sexual acts, he alleged that Appellant, the victims step-father, was also having sex with the victim. (Trial Transcript, p. 93) Longo alleged that he had witnessed the victim performing oral sex on Appellant. The victim was interviewed a second time on March 18, 1992, and again denied having sex with anyone other than Longo. Later that night, however, the victim admitted to her mother that Appellant had been sexually abusing her since she was approximately eight-years-old. (Trial Transcript, p. 142).
On June 23, 1992, Appellant was indicted on four counts of rape, with the fourth count containing a specification that the offense was committed with the use of force or the threat of force. Appellant pled not guilty and a jury trial commenced on May 3, 1994. The jury found Appellant guilty on all counts including the force specification and was sentenced accordingly. On August 15, 1996, this Court reversed Appellant's conviction and remanded the matter for a new trial after concluding that the trial court erred in overruling Appellant's motion to suppress his alleged confession. State v. Wright, Sr. (August 15, 1996), Mahoning App. No. 94-J-33, unreported.
On February 20-21, 1997, a second jury trial commenced. In this trial, Appellant was acquitted on two counts of rape but was convicted of the two remaining counts including the force specification. Appellant was sentenced to an indefinite term of confinement of ten to twenty-five years on count three and was sentenced to life imprisonment on count four. It is this second conviction which forms the basis of the present appeal. In his first assignment of error, Appellant argues that:
 "THE TRIAL COURT ERRED BY ACCEPTING A VERDICT OF GUILTY WHEN SAID VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In determining if a judgment is against the manifest weight of the evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259. When reviewing whether a verdict is against the manifest weight of the evidence, "[t]he verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of facts." Id. at 273. To reverse Appellant's conviction based upon the weight of the evidence, we must find that "` * * * the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins (1997), 78 Ohio St.3d 380,387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. Moreover, to reverse a trial court judgment based upon the weight of the evidence, all three judges on the court of appeals panel reviewing the case must unanimously concur.Thompkins, supra, at 389.
At the trial in the case at bar, the jury heard testimony from the alleged victim who described in detail how Appellant forced her to perform oral sex on him. (Trial Transcript, pp. 171-173). The victim went on to testify as to the approximate dates of the alleged sexual abuse as well as various locations where such abuse occurred. The victim's testimony was corroborated by Donald Longo who testified that he had witnessed some of the acts testified to by the victim and that Appellant had threatened him to not reveal the abuse to anyone. (Trial Transcript, pp. 115-117).
Viewing this evidence in the light most favorable to the prosecution, it is clear that a rational jury could conclude that all of the elements of the crime of rape had been proven beyond a reasonable doubt. The essential elements of rape are found in R.C. § 2907.02 (A) which provides in relevant part:
 "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
"* * *
 "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
Appellant, however, suggests that the victim's testimony and that of Mr. Longo should be viewed as suspect. In support of this argument, Appellant directs our attention to the fact that the victim had previously and repeatedly denied that Appellant had sexually abused her and that Mr. Longo, who himself was criminally charged for sexually abusing the victim, only identified Appellant after failing a polygraph examination.
Appellant's argument is not persuasive. While Appellant argues that the witnesses who testified against him were not credible and little if any weight should be given to their testimony, it is well settled that, "[t]he weight to be given the evidence and the credibility of witnesses are primarily jury issues." State v. Ballew (1996), 76 Ohio St.3d 244, 249, citingState v. Waddy (1992), 63 Ohio St.3d 424, 430. This is so because they are in the best position to observe the witnesses and their demeanor, gestures and voice inflections and are entitled to believe or disbelieve any witness. State v. Scott
(Mar. 9, 1998), Mahoning App. No. 95 C.A. 140, unreported, citing, State v. Antill (1964), 176 Ohio St. 61.
Based on the evidence adduced at trial, we cannot say that the jury lost its way and that a miscarriage of justice has occurred requiring a new trial. Simply put, the jury attached more weight and credibility, which they are entitled to do, upon the testimony offered by the victim and Mr. Longo than that of Appellant. Appellant's contention that the verdict was against the manifest weight of the evidence is without merit and his first assignment of error is overruled.
In his second assignment of error, Appellant argues that:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF GROSS SEXUAL IMPOSITION."
As a preliminary matter, this Court observes that Appellant has preserved this issue for appeal by objecting to the trial court's refusal to allow the jury to consider the lesser included offense of gross sexual imposition. An accused in a criminal case is generally entitled to an instruction on a lesser included offense if under a reasonable view of the evidence it is possible for the jury to convict on the lesser offense. State v. Wilkins (1980), 64 Ohio St.2d 382. Conversely, an instruction to the jury on a lesser included offense is not required unless evidence presented at trial reasonably supports both an acquittal as to the crime charged and conviction of the lesser offense. State v. Kidder (1987),32 Ohio St.3d 279. Where the evidence supports the giving of the lesser included offense instruction, the failure to do so constitutes prejudicial error. State v. Loudermill (1965),2 Ohio St.2d 79.
Gross sexual imposition is a lesser included offense of rape. Kidder, supra, at syllabus. The pertinent difference between the rape and gross sexual imposition charges under consideration is in the difference between, "sexual conduct," which is an essential element of rape and, "sexual contact," which is an essential element of gross sexual imposition. The definition of these terms are found in R.C. § 2907.02:
 "Sexual conduct means vaginal intercourse between a male and female, and anal intercourse, fellatio and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
 "Sexual contact means any touching of an erogenous zone of another, including, without limitation, the thigh, genitals, buttocks, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
Thus, our inquiry must turn to whether the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. Thomas, supra. We conclude from the record before us that it does not. Critical to this conclusion is the fact that Appellant denied any sexual activity whatsoever with the alleged victim in this case. As the Ohio Supreme Court held:
 "A criminal defendant is not entitled to a jury instruction on gross sexual imposition as a lesser included offense of rape where the defendant has denied participation in the alleged offense, and the jury, considering such defense, could not reasonably disbelieve the victim's testimony as to `sexual conduct' and at the same time, consistently and reasonably believe her testimony on the contrary theory of mere `sexual contact'."
Kidder, supra, at syllabus. (Internal statutory citations omitted)
This is due in large part to the fact that, "it is difficult to perceive how a person could engage in sexual conduct and not at the same time be involved in sexual contact."State v. Gregory (August 19, 1994), Montgomery App. No. 14187, unreported. As such, where the defendant asserts a complete defense to all of the substantial elements of the crime charged an instruction on a lesser included offense may not be required.State v. Nolton (1969), 19 Ohio St.2d 133. Accordingly, we detect no error in the trial court's refusal to instruct the jury on gross sexual imposition when Appellant asserted, if believed, what would constitute a complete defense to the crime as charged.
Finding no merit in either of Appellant's assignments of error, each are accordingly overruled and the judgment of the trial court is hereby affirmed.
Cox, P.J., and Donofrio, J., concurs.
APPROVED:
 _____________________________ CHERYL L. WAITE, JUDGE