JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant state of Ohio appeals from the decision of the Cuyahoga County Court of Common Pleas which granted a motion to dismiss in favor of the defendant-appellee Desiree Rivers ("Rivers"). Finding error in the proceedings below, we reverse and remand
 {¶ 2} The following facts give rise to this appeal. On March 26, 2003, the Cuyahoga County Grand Jury returned a one-count indictment against Rivers charging aggravated burglary in violation of R.C. 2911.11, a felony of the first degree. At arraignment, Rivers pled not guilty to the indictment. On April 28, 2003, Rivers filed a motion for discovery pursuant to Crim.R. 16 and a motion for a bill of particulars. The state responded to these motions on May 1, 2003. The bill of particulars notified Rivers that she was being charged with aggravated burglary by reciting R.C. 2911.11(A)(1) verbatim along with the date, time and location that the alleged offense was to have occurred.
 {¶ 3} A jury trial commenced on July 22, 2003. At the close of the state's case, Rivers made an oral motion to dismiss, pursuant to Crim.R. 12(C), based on an alleged defect in the indictment and the bill of particulars. Specifically, Rivers argued the bill of particulars failed to inform her of the specific criminal offense that she allegedly had the purpose to commit while trespassing in the occupied structure. In addition, Rivers moved for acquittal pursuant to Crim.R. 29. The trial court granted Rivers' motion to dismiss the indictment based on an inadequate bill of particulars, stating:
"This court finds that the defendant did have a right to bemade aware of the exact criminal offense that she purportedly hadthe purpose to commit when trespassing on the occupied structureof Sonia James. The court finds, again, the indictment isappropriate. However, the State's response to the bill ofparticulars failed to adequately inform the defendant of thecrime in total that she committed. I'm going to dismiss this casebased upon the defect in the bill of particulars."
 {¶ 4} (Tr. at 11-12.)
 {¶ 5} The state timely appeals this decision of the trial court and advances one assignment of error for our review.
 {¶ 6} "I. The trial court erred by granting appellee's motion to dismiss based on inadequate bill of particulars."
 {¶ 7} The standard of review for resolving this error is discretionary. We give substantial deference to the trial court unless we determine that the court's ruling was an abuse of discretion. State v. Tankersley (1998), Cuyahoga County App. Nos. 72398 and 72399. "The term abuse of discretion connotes more than error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Nielsonv. Meeker (1996), 112 Ohio App.3d 448, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. "An abuse of discretion * * * implies a decision which is without a reasonable basis or one which is clearly wrong." Angelkovski v. Buckeye Potato ChipsCo. (1983), 11 Ohio App.3d 159.
 {¶ 8} Crim.R. 48 provides the procedure for the dismissal of a criminal case by either the state or the court. Subsection (B) provides that "[i]f the court over the objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." The rule does not state grounds for which a court may dismiss an indictment, nor does it provide for a dismissal with prejudice. "The purpose of Crim.R. 48 is to maintain a defendant's right to a speedy trial, but the rule does not alter the pre-rule Ohio practice concerning the court's inherent power to dismiss." State v. Sutton (1979), 64 Ohio App.2d 105. However, the court's power to dismiss an indictment, information, or complaint pursuant to Crim.R. 48(B) is not without limitation.Maple Heights v. Redi Car Wash (1988), 51 Ohio App.3d 60.
 {¶ 9} As an initial matter we must address the timeliness of Rivers' motion to dismiss. The state alleges that Rivers' motion to dismiss was untimely made after voir dire and the court should not have considered the merits of the motion. Rivers argues that she raised the motion prior to trial in pretrial chambers, and that the state failed to object when the motion was raised on the record at the close of the state's case.
 {¶ 10} According to the record, the motion was made after the state rested its case. "Appellate review is strictly limited to the record." State v. Chapman, Cuyahoga County App. No. 73609, 2003-Ohio-4163.
 {¶ 11} Crim.R. 12(C)(2) (4) states, in pertinent part, "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial: (2) Defenses and objections based on defects in the indictment * * *; (4) Requests for discovery under Crim.R. 16." (Emphasis added.) "The plain implication of that requirement is that failure to object waives any error the defect involves." State v. Hous, Greene App. No. 02CA116, 2004-Ohio-666.
 {¶ 12} Under Crim.R. 12(H), a party's failure to timely object constitutes waiver; however, for good cause shown the court may grant relief from such waiver. The trial court's determination will not be reversed on appeal, absent an abuse of discretion. See State v. Lough, 2004-Ohio-596.
 {¶ 13} First, we find that while both parties seem to have been aware of the oral motion to dismiss, nothing was put on the record until after the state presented its case. Second, Rivers waived her right to raise the defect in the indictment and the bill of particulars when trial commenced. Third, the trial court should not have entertained this motion at the close of the state's case. While the state did not specifically say the word "objection," it did clearly indicate that pursuant to the rules of criminal procedure, the motion was not properly before the court and should not be considered by the court. Therefore, we find that the court abused its discretion by ruling on this motion which was not properly before the court.
 {¶ 14} In addition, the state argues that it is not required to specify the criminal offense in the indictment or the bill of particulars when a defendant is charged with aggravated burglary in violation of R.C. 2911.11. R.C. 2911.11(A)(1) states in pertinent part, "No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense * * * [and] the offender inflicts, or attempts or threatens to inflict physical harm on another." The state further contends that it is not required to prove the underlying offense, but rather it is only required to prove the defendant intended to commit a criminal offense. We agree.
 {¶ 15} "[A]n application for a bill of particulars is addressed to the sound discretion of the court. Wong Tai v.United States (1927), 273 U.S. 77. The purpose of the bill of particulars is to inform a defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to prevent surprise, or to plead his acquittal or conviction in bar of another prosecution for the same offense. However, it is not the function of a bill of particulars to enable a defendant to obtain access to evidentiary matters.Stumbo v. United States (1937), 90 F.2d 828, 833. Nor will such a bill be ordered where the information sought is within the knowledge of the defendant, or is information which he has had equal opportunity with the state of Ohio to discover." State v.Clay (1972), 29 Ohio App.2d 206.
 {¶ 16} In a similar case to the case at bar, State v.Waszily (1995), 105 Ohio App.3d 510, Waszily argued that the indictment on the charged offense, aggravated burglary, was vague in failing to provide information as to which crime, a theft or a felony, Waszily had the purpose to commit, thereby providing inadequate notice of the charges he would be required to defend. Overruling this assignment of error and finding the indictment was not inadequate, this court stated: "Quite clearly, the indictment language tracked the language of the statute, which is allowed and has been held to provide adequate notice of the elements of the charged offense." Id. at 516, citing State v.Murphy (1992), 65 Ohio St.3d 554; State v. Mills (1992),62 Ohio St.3d 357; Crim.R. 7(B). The court also found that "an indictment is not improper or inadequate if it `does not designate and define the particular felony intended to be committed.'" Waszily, 105 Ohio App.3d at 516, quoting State v.Castel (1992), Cuyahoga App. No. 61352. See, also, State v.Conway (Jan. 18, 2001), Cuyahoga App. No. 77436 (holding an indictment for aggravated burglary must state that the defendant had the intent to commit a criminal offense but does not need to identify the particular crime intended to be committed).
 {¶ 17} This court went on to address a sub-argument, where Waszily argued that the bill of particulars did not give him fair notice of the specific charges, theft or felony, which formed the basis for the indictment. This court noted that "[a] reading of the bill of particulars in this case reflects a reiteration of the indictment with the addition of the date, time and location of the offense." Waszily, 105 Ohio App.3d at 516.
 {¶ 18} This court stated, "Appellant's understanding of the purpose of a bill of particulars is flawed. A bill of particulars purpose is to `particularize the conduct of the accused to constitute the charged offense.' State v. Sellards (1985),17 Ohio St.3d 169. It is not the purpose of the bill of particulars `to provide the accused with specifications of evidence or to serve as a substitute for discovery.' We conclude that neither the indictment, nor the bill of particulars, was inadequate for their intended purposes." Id. at 516-517.
 {¶ 19} We note that Waszily was decided under the prior aggravated burglary statute in which the perpetrator was required to have the intent to commit a theft or a felony; however, the statute has been broadened to read "any criminal offense." A review of the legislative notes indicates that the statute was changed to emphasize the risk of personal harm in such offenses, rather than the time of day, type of property entered, and the offender's specific reason for entering, which was emphasized in the prior statute. While Waszily was decided under the prior statute, the holding and rationale still apply today. The state is not required to specify in the indictment or the bill of particulars the specific criminal offense the defendant had in mind.
 {¶ 20} We recognize that many are frustrated because they view a bill of particulars as a mere formality adding little information to the material facts of a particular case; however, a bill of particulars does serve its limited purpose, which is to give formal notice of the offenses charged so that the defense may prepare and avoid surprise or may intelligently raise alibi defenses, pleas of double jeopardy, or bar by the statute of limitations. In reality, defense attorneys often seek to use the bill of particulars as a "discovery" motion, while prosecutors consciously seek to limit responses to the formalized "date, time and location" of the alleged crime. We are fully aware that the real issue at the heart of this dispute is the discovery process. Nevertheless, as stated previously, "A bill of particulars has a limited purpose — to elucidate or particularize the conduct of the accused alleged to constitute the charged offense. * * * A bill of particulars is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery." State v. Sellards (1985), 17 Ohio St.3d 169, 171.
 {¶ 21} While much of the case law indicates that in a bill of particulars the state is only required to specify the date and time of the alleged crime if it is known to the state, there may indeed be circumstances where additional information is relevant. The discovery of this information, however, must first be sought through an open and fair discovery process. The defense has the right to seek all relevant discoverable information, and the state has a duty to provide that material.
 {¶ 22} In the instant case, the bill of particulars recited the aggravated burglary statute verbatim, adding the date, time, and location of the incident. While naturally the defense may seek more, in this instance, in light of the detailed language of the statute, we find the information provided through the bill of particulars was sufficient to notify Rivers as to the offense the state intended to prove. To conclude otherwise would allow the defense insight into the state's theory of the case, which is clearly not the purpose of the bill of particulars, nor was it the intent of the Ohio legislature when it enacted the aggravated burglary statute.
 {¶ 23} A closer examination of Rivers' claim shows it actually questions the propriety of the broad language of the burglary statute rather than the use of the bill of particulars. Clearly, Rivers seeks a definite commitment on a specific underlying offense to the burglary statute by the state, something the legislature has declined to require. In this case, Rivers was in a better position to know why she went over to the victim's house and the facts demonstrate she never contested that she went there.
 {¶ 24} Rivers also argues that she has a right to be tried on the same essential facts upon which the grand jury based its indictment, and the state's failure to articulate the specific underlying criminal offense creates a risk that the defendant will be convicted of an offense on evidence not presented to the grand jury. Rivers cites State v. Vitale (1994),96 Ohio App.3d 695 as authority for her argument.
 {¶ 25} While we agree Rivers has the right to be tried on the same essential facts upon which the grand jury based its indictment, we do not agree that the case at bar fits into this category. In Vitale, the grand jury returned an indictment charging the defendant with theft, which was alleged to have occurred on June 14, 1991. Id. at 697. The bill of particulars indicated that the theft occurred on or about June 14, 1991, at approximately 12:00 p.m., at the location of 1869 East 79th
Street in the city of Cleveland Id. The case was tried to the bench. Id. At the close of the state's case, the state moved to amend the indictment and bill of particulars to read June 14, 1991 through June 21, 1991. Id. at 699. The court granted the motion over objection by defense counsel, and the defendant was ultimately convicted of theft. Id. The court specifically found that the theft occurred on June 21, 1991 at a location other than the location stated in the bill of particulars. Id. at 700. On appeal, this court reversed stating, "It must be presumed that the evidence presented to the grand jury was limited to the June 14 episode identified in the state's bill of particulars and not some other date, time or place to which no reference is made." Id.
 {¶ 26} In the instant case, the grand jury indicted Rivers on the charge of aggravated burglary; therefore, the grand jury determined Rivers intended to commit "some" or "any" criminal offense. Specifying whether Rivers intended to threaten the victim, assault the victim, or steal something from the victim is not controlling. Based on the language of the indictment, the grand jury found that there was probable cause to believe that she trespassed with an intent to commit "any criminal offense."
 {¶ 27} Indeed, it is well established that "the intent of an accused person is only in his mind and is not ascertainable by another, it cannot be proved by direct testimony of another person but must be determined from the surrounding facts and circumstances." State v. Huffman (1936), 131 Ohio St. 27. It has been stated, "Persons do not ordinarily forcibly enter a dwelling being occupied by others unless there is an intent to commit a crime, the most likely crime being a theft offense in the absence of circumstances giving rise to a reasonable inference of some other offense being the purpose of entry."State v. Flowers (1984), 16 Ohio App.3d 313.
 {¶ 28} This court stated in State v. Hobbs, Cuyahoga App. No. 81533, 2003-Ohio-4338, "[s]ince the defendant's subjective intent with which he trespassed into the victim's home is known only to him, the jury had to determine his intent by surrounding facts and circumstances." Id., citing Flowers,16 Ohio App.3d at 314. The facts in Hobbs indicated that the defendant broke into a home and when someone inside yelled, he jumped out a window. Hobbs, supra. Nothing was taken or disturbed. Id. This court still found that there was ample evidence upon which the jury could determine that the defendant entered the victim's home with intent to commit a criminal offense therein. Id.
 {¶ 29} Furthermore, in State v. Dimitrov, Cuyahoga App. No. 76986, 2001-Ohio-4133, this court found that it was not error when the court failed to include the specific criminal offense in the jury instructions for the burglary charge. The trial court stated, "Now, I haven't defined any criminal offense but you can use your common sense of theft. Anything, can be a criminal offense, anything. Theft is sufficient here to find in this case [sic]." In other words, while the Ohio Jury Instructions suggest that the exact criminal offense be articulated for the jury, these instructions are not mandatory. See State v. Martens
(1993), 90 Ohio App.3d 338. A defendant's intent at the time of entrance is not always clear, but it can be inferred from the surrounding circumstances; it is a fact that is to be determined by the jury.
 {¶ 30} We note for the record that the trial court's decision to grant the motion to dismiss was on legal grounds under Crim.R. 12 and 48, and not on Rivers' alternative motion for acquittal pursuant to Crim.R. 29; therefore, no jeopardy issues apply.
 {¶ 31} The assigned error is sustained.
 {¶ 32} The judgment is reversed and remanded for further proceedings consistent with this opinion.
Rocco, J., Concurs.
 Sweeney, P.J., Concurs in judgment only.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.