JOURNAL ENTRY AND OPINION
{¶ 1} In this accelerated appeal, appellant Charles McCuller appeals pro se the trial court's denial of his petition for postconviction relief.[1] He assigns the following two errors for our review:
 "I. The trial court abused its discretion and violated appellant's Fourteenth Amendment Rights under the United States Constitution and Article I Section 10 of the Ohio Constitution when dismissing appellant's postconviction petition after appellant showed a prima facie showing of misconduct by the prosecutor and witnesses for the state."
 "II. The appellants due process rights under the Fourteenth Amendment to the U.S. Constitution were violated when the state gave appellant an inadequate Bill of Particulars and indictment both of which prejudiced his defense and impaired his ability to intelligently exercise his right to peremptory challenges."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow. *Page 4 
 {¶ 3} On March 25, 2005, the jury returned a guilty verdict against McCuller for one count of robbery and one count of drug possession. In a separate hearing, the trial court found McCuller guilty of the notices of prior conviction. The trial court sentenced McCuller to a six-year term of imprisonment on the robbery conviction and a concurrent twelve-month term of imprisonment for the drug possession conviction.
 {¶ 4} McCuller filed a delayed appeal of his convictions, which this court affirmed.[2] While the appeal was pending, McCuller filed a petition for postconviction relief on October 3, 2005. In the petition, he claimed he was not tried on the essential facts found by the grand jury; he was denied an adequate indictment and bill of particulars, resulting in his inability to intelligently exercise his right to peremptory challenges; and, he was denied his right to discovery of all exculpatory materials. The trial court denied McCuller's petition after concluding res judicata barred his claims for relief.
 Petition for Postconviction Relief {¶ 5} We will address McCuller's two assigned errors together as they both deal with whether the trial court properly denied McCuller's claims for relief. *Page 5 
 {¶ 6} Regarding a petition for postconviction relief, the initial burden of proof is on the petitioner to submit evidentiary documents containing sufficient operative facts to demonstrate there was "such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States."[3] The court need not hold an evidentiary hearing if it determines that there are no substantive grounds for relief.[4]
Furthermore, claims that were either raised or could have been raised at trial or on direct appeal are barred from being raised again in a postconviction relief proceeding under the doctrine of res judicata.[5]
 {¶ 7} McCuller claims that he was not given adequate notice of the robbery charge and this prevented him from adequately defending against the charge. However, he raised this issue in his direct appeal; we concluded he was provided with adequate notice. Therefore, res judicata prevents our review of this claim.
 {¶ 8} McCuller also claims the State gave him an inadequate bill of particulars and indictment. He contends if he had known he was being charged *Page 6 
with trying to run over the victim with a car, he would have used a peremptory challenge to excuse a juror whose daughter was killed by a hit and run driver. Any challenge to the indictment or bill of particulars should have been raised initially at the trial court and then on direct appeal.[6] Therefore, res judicata bars our review of this claim. Moreover, a review of the indictment indicates that McCuller was not indicted for attempting to run over the victim.
 {¶ 9} Finally, McCuller also claims he was denied the right to all exculpatory and mitigating material. In support of this argument, McCuller filed part of a police report containing an oral statement by the victim in which she states McCuller tried to strangle her. McCuller contends this statement conflicts with her trial testimony in which she stated he tried to run her over with the car.
 {¶ 10} McCuller failed to file a copy of the transcript; therefore, we are unable to ascertain if the victim's testimony conflicted with her trial testimony. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, *Page 7 
as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."[7]
 {¶ 11} There is also no evidence, except for McCuller's self-serving statement, that the police report was not produced. Moreover, the victim's statement, in which she said that McCuller attempted to strangle her before leaving with the car, provided evidence in support of McCuller's robbery conviction, not exculpatory evidence. Therefore, the trial court did not err by concluding the police report failed to provide substantive grounds for relief. Accordingly, McCuller's two assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
PATRICIA ANN BLACKMON, JUDGE
JAMES J. SWEENEY, P.J., and ANN DYKE, J., CONCUR
[1] We note that Charles McCuller filed an additional pro se brief on October 15, 2007. However, that brief raised issues regarding his sexual predator classification in a different case. That particular case is not the subject of the instant appeal, therefore, we have no jurisdiction to consider it.
[2] State v. McCuller, Cuyahoga App. No. 86592, 2006-Ohio-302.
[3] R.C. 2953.21(A)(1)(a); State v. Calhoun, 86 Ohio St.3d 279,1999-Ohio-102, paragraph two of the syllabus.
[4] R.C. 2953.21(C); Calhoun, supra at 283.
[5] State v. Szefcyk, 77 Ohio St.3d 93, 1996-Ohio-337, syllabus;State v. Perry (1967), 10 Ohio St.2d 175, at paragraphs seven and nine of the syllabus.
[6] State v. Barton, 108 Ohio St.3d 402; 2006-Ohio-1324; State v.Rivers, Cuyahoga App. No. 83321, 2004-Ohio-2566.
[7] Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 *Page 1