The STATE of Ohio, Appellee,

v.

RICCHETTI, Appellant.

[Cite as *State v. Ricchetti* (1991), 74 Ohio App.3d 728.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58792.

Decided July 8, 1991.

*Stephanie Tubbs Jones*, Prosecuting Attorney, and *Michael J. Russo*, Assistant Prosecuting Attorney, for appellee.

*Daniel J. Ryan*, for appellant.

---

JOHN F. CORRIGAN, Judge.

Defendant Carl Ricchetti appeals from his conviction for unlawful restraint, in violation of R.C. 2905.03. For the reasons set forth below, we affirm.

I

On August 29, 1989, defendant was indicted for kidnapping, in violation of R.C. 2905.01. Defendant entered a plea of not guilty, and the matter proceeded to a bench trial on October 19, 1989.

The state's evidence established that on the evening of January 31, 1989, defendant approached fifteen-year-old Jason Wallace in a blue automobile, and told Wallace to get into the car. Wallace then walked away from the area, and again noticed defendant's vehicle make a U-turn, then turn around in an adjacent alley. As Wallace approached defendant's car, defendant rolled down his window, and asked Wallace if he wanted to make some money. Wallace responded that he did not, but then got into defendant's vehicle.

The state's evidence next established that as defendant began to drive away, a car approached. Defendant asked Wallace if he knew the people in the approaching car. Wallace said that he did not, and defendant sped away. The police activated a siren and followed defendant's vehicle. Wallace asked defendant to stop, but he did not do so until he was apprehended, a few blocks away. Finally, Wallace testified that defendant instructed him to run away, after the police stopped the vehicle.

At the close of the state's case, defendant moved for a judgment of acquittal pursuant to Crim.R. 29(A). The trial court found the evidence insufficient to support the offense of kidnapping, but concluded that the evidence could arguably support unlawful restraint as a lesser included offense.

Defendant elected to put on evidence and presented three character witnesses who testified to his good reputation for truth and veracity. In addition, defendant testified on his own behalf and stated that he is a school psychologist who works at various schools in the area of W. 65th and Lorain, and is therefore very involved in helping children and is very familiar with the area.

Defendant's version of the events of the evening was that, at approximately 8:40 p.m., he decided to go to K–Mart to buy a few items. As he did not have enough cash to purchase the items he needed, he first stopped at a fast cashier located at W. 117th Street and Lake, before proceeding to the K–Mart on W. 65th Street.

While en route, defendant passed Wallace, who, due to a birth mark on his face, appeared to be bruised or bleeding. Defendant then noticed three men watching Wallace from a car parked approximately twenty-feet away, so he returned to the area to determine if Wallace was all right. Defendant got no response from Wallace, however, so he returned to W. 65th Street, but then noticed the car he had seen earlier was following him. Defendant then turned

around in order to be certain that he was being followed, and as he approached Wallace for the third time, Wallace gestured to him as if to indicate that he was in trouble. Next, defendant approached Wallace and asked him if he knew the men in the car. Wallace said that he did not, then got into defendant's car. Defendant proceeded to Lorain Road, and Wallace asked to be let out of the vehicle. Defendant admitted that he did not immediately comply because he did not think it was a safe place, and instead continued to W. 65th and stopped near an emergency telephone.

## II

In his first and second assignments of error, defendant contends that the trial court erred in denying his motion for a complete acquittal, and in convicting him of unlawful restraint.

Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been established beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus.

However, pursuant to R.C. 2945.74, where the offense stated in the charge also contains a lesser included offense, the defendant may be convicted of the actual offense stated in the charge, or of any offense contained within the stated charge and proved by the state. *State v. Stover* (1982), 8 Ohio App.3d 179, 183, 8 OBR 239, 243–44, 456 N.E.2d 833, 837–838.

"An offense may be a lesser *included* offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." (Emphasis *sic.*) *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus.

"Unlawful restraint" is defined in R.C. 2905.03 as follows:

"(A) No person, without privilege to do so, shall knowingly *restrain another of his liberty.*

"(B) Whoever violates this section is guilty of unlawful restraint, a *misdemeanor* of the third degree." (Emphasis added.)

"Kidnapping" is defined in R.C. 2905.01, as follows:

"(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall

*remove* another from the place where he is found or *restrain* him of his liberty, for any of the following purposes:

"* * * *

"(B) No person, * * * shall knowingly do any of the following * * *:

"(1) *Remove* another from the place where he is found;

"(2) *Restrain* another of his liberty;

"(3) *Hold* another in a condition of involuntary servitude.

"(C) Whoever violates this section is guilty of kidnapping, an aggravated felony of the first degree. If the offender releases the victim in a safe place unharmed, kidnapping is an aggravated *felony* of the second degree." (Emphasis added.)

█ Applying the foregoing, we hold that unlawful restraint is a lesser included offense of kidnapping. That is, unlawful restraint carries a lesser penalty than kidnapping, the essential conduct proscribed by R.C. 2905.01 (*i.e.,* removal, restraint, and holding), necessarily involves the commission of unlawful restraint, and kidnapping contains additional elements which need not be established to prove unlawful restraint. See, also, *State v. Dreyer* (Dec. 15, 1981), Jefferson App. No. 81–J–12, unreported, 1981 WL 2692; accord Legislative Service Commission Committee Commentary to R.C. 2905.03 (explaining that unlawful restraint is "the most minor offense in the trilogy of offenses beginning with kidnapping * * *").

Moreover, the evidence presented in this matter was such that reasonable minds could reach different conclusions as to whether defendant unlawfully restrained Wallace by speeding away when Wallace asked to be let out of the car.

Accordingly, we hold that the trial court could properly grant defendant's motion for acquittal of the offense of kidnapping, but deny this motion with respect to the lesser included offense of unlawful restraint.

Defendant's first and second assignments of error are overruled.

### III

█ In his third assignment of error, defendant challenges the sufficiency of the evidence supporting his conviction for unlawful restraint.

Our inquiry with respect to the sufficiency claims must focus upon whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. *Jackson v. Virginia* (1979), 443 U.S. 307, 318, 99 S.Ct. 2781, 2788–2789, 61 L.Ed.2d 560, 573. The relevant question in this evaluation is whether, after reviewing the evidence in the light most favorable to the

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 319, 99 S.Ct. at 2789; cf. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus.

Reviewing the evidence presented in this matter in a light most favorable to the prosecution, we find that a rational trier of fact could properly conclude that defendant was guilty of unlawful restraint beyond a reasonable doubt, as the state's evidence established that defendant did not stop his vehicle when Wallace requested that he do so, and further established that defendant continued to flee from the police notwithstanding this request.

Defendant's third assignment of error is overruled.

*Judgment affirmed.*

NAHRA, P.J., and ANN McMANAMON, J., concur.