Defendant-appellant, William McCabe, appeals his conviction for kidnapping in violation of R.C. 2905.01(A)(4) and the trial court's determination under R.C. 2950.09(B) that he is a sexual predator.
Appellant presents the following assignments of error for review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING HIS MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN REFUSING TO INSTRUCT THE JURY IN THE OFFENSE OF UNLAWFUL RESTRAINT.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING THAT APPELLANT WAS A SEXUAL PREDATOR.
In his first assignment of error, appellant argues that the trial court erred by denying his Crim.R. 29(A) motion for judgment of acquittal. Appellant contends that the prosecution failed to prove the elements of kidnapping beyond a reasonable doubt.
A trial court's decision to deny a Crim.R. 29(A) motion for acquittal based upon the sufficiency of the evidence will be upheld if, construing the evidence in a light most favorable to the state, any rational factfinder could have found the essential elements of the charge proven beyond a reasonable doubt. State v. Dennis (1997), 79 Ohio St.3d 421, 430-31, citing Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789; State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact. Dennis, 79 Ohio St.3d at 430. See, also, State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
R.C. 2905.01(A)(4) states:
 (A) No person, by force, threat, or deception * * * shall * * * restrain the liberty of the other person, for any of the following reasons:
 (4) To engage in sexual activity, as defined in section R.C. 2907.01 of the Revised Code, with the victim against the victim's will.
"Sexual activity" includes "sexual contact," which is defined as "any touching of an erogenous zone of another, including without limitation * * * the * * * buttock * * * for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
In In re: April Anderson (Dec. 9, 1996), Clermont App. No. CA96-01-007, unreported, this court concluded that the question of whether a touching is undertaken for the purpose of sexual arousal or gratification is a question of fact that must be inferred from the type, nature, and circumstances surrounding the contact. In Anderson, this court quoted the following language from State v. Cobb (1991), 81 Ohio App.3d 179, with approval:
 "The proper method is to permit the trier of fact to infer from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact with those areas of the body described in R.C. 2907.01. In making its decision the trier of fact may consider the type, nature and circumstances of the contact, along with the personality of the defendant. From these facts the trier of facts may infer what the defendant's motivation was in making the physical contact with the victim. If the trier of fact determines, that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved.
Anderson, unreported, at 2, quoting Cobb at 185.
At trial, the victim, thirteen-year-old A.L., testified that on November 26, 1996 she was walking home from school when appellant, who was standing on the porch of a house, "hollered" at her to "come here." A.L. ignored appellant and continued walking until she noticed that appellant was chasing her. At that point, she began to run. Appellant ran after A.L. and grabbed at her until she tripped. Appellant then caught A.L., pulled her close against him, pinning her arms to her sides and grabbing her buttocks with his hands. He tried to kiss her and stick his tongue in her mouth. Appellant also told A.L. that he wanted to have sex with her and be her boyfriend. A.L. turned her head so that appellant could not kiss her on the mouth and began screaming at appellant to get away from her. After one to two minutes, A.L. broke free from appellant's grip and ran to a nearby school where she recruited a young boy to walk her home. A.L. stated that although she did not know what appellant was going to do, she "thought he would take me in the house and rape me * * *."
Jeremy Moore was sitting with appellant on his (Moore's) front porch on November 26, 1996, when A.L. walked by. Moore testified at trial that appellant commented that A.L. had "big tits and he wanted to lay her."
Tara Dawes, a ten-year-old school crossing guard, was working on the corner where appellant allegedly grabbed A.L. Dawes partially corroborated A.L.'s testimony, stating that she saw appellant grab A.L., wrap his arms around her, and kiss her. According to Dawes, A.L. was screaming, "Leave me alone." After about a minute, Dawes saw A.L. run to Dawes' elementary school with appellant chasing after her.
Washington Court House Police Sergeant Jon Long interviewed appellant after the incident. Appellant admitted "hugging" A.L., but denied kissing her.
These facts, especially the victim's testimony, support a finding that appellant forcefully restrained A.L.'s liberty in order to engage in sexual activity with her against her will. Accordingly, we find that a reasonable factfinder, when viewing these facts in a light most favorable to the prosecution, could have found the essential elements of the charge of kidnapping under R.C. 2905.01(A)(4) proven beyond a reasonable doubt. Jenks, paragraph two of the syllabus. The trial court properly denied appellant's Crim.R. 29(A) motion. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the trial court erred by denying his request for jury instructions on the offense of unlawful restraint as a lesser included offense of kidnapping.
The test for whether an offense is a lesser included offense of another was set forth in State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus:
 "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.
As we stated, supra, the definition of kidnapping applicable to this case is: "(A) No person, by force, threat, or deception * * * shall * * * restrain the liberty of the other person * * * [t]o engage in sexual activity * * * with the victim against the victim's will." Kidnapping is a felony of the first degree unless the victim is released unharmed in a safe place, in which case, kidnapping is a felony of the second degree.
"Unlawful restraint" is defined in R.C. 2905.03 as follows:
 (A) No person, without privilege to do so, shall knowingly restrain another of his liberty.
 (B) Whoever violates this section is guilty of unlawful restraint, a misdemeanor of the third degree.
Applying the test set forth in Deem, we find that unlawful restraint is a lesser included offense of kidnapping. Unlawful restraint carries a lesser penalty than kidnapping, the prohibited conduct constituting kidnapping necessarily includes the commission of unlawful restraint; and the crime of kidnapping contains some additional elements that are not required to prove the commission of unlawful restraint. Deem. See, also, State v. Ricchetti (1991), 74 Ohio App.3d 728, 730-731.
Even though an offense is determined to be a lesser included offense of another, a jury instruction on the lesser included offense is required only where the evidence at trial would reasonably support an acquittal on the crime charged and a conviction on the lesser included offense. State v. Thomas (1988), 40 Ohio St.3d 213, 216, certiorari denied (1989),493 U.S. 826, 110 S.Ct. 89. (Emphasis added.) That is not the case here.
After thoroughly reviewing the evidence in this case, we find that no reasonable jury could have acquitted appellant of kidnapping, i.e., using force to restrain A.L. in order to engage her in sexual activity against her will. Thus, we find that an instruction on unlawful restraint as a lesser included offense of kidnapping was not supported by the evidence and was properly refused by the trial court. Appellant's second assignment of error is overruled.
In his final assignment of error, appellant claims that the trial court's determination that he is a sexual predator is not supported by clear and convincing evidence.
The procedure that a trial court must follow in making a sexual predator determination is set forth at R.C. 2950.09. The judge who will impose sentence upon the offender must conduct a hearing prior to sentencing or, if the offense is a felony, as part of the sentencing hearing. R.C. 2950.09(B)(1). At the hearing both the offender and the prosecutor have the opportunity to "testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." Id. In making his determination as to whether an offender is a sexual predator, a judge must consider "all relevant factors," including the following from a list of ten factors set forth at R.C. 2950.09(B)(1)(a)-(j):
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
* * *
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse[.]
R.C. 2950.09(B)(2). After reviewing the testimony and the evidence, the trial court shall determine whether the offender is a sexual predator by clear and convincing evidence. R.C.2950.09(B)-(3). Appeal of the trial court's determination may be made by either the prosecutor or the offender as a matter of right. R.C. 2950.09(C)(2).
In this case, appellant contends that the state failed to prove that he was a sexual predator by clear and convincing evidence largely because there is no evidence in the record of his prior convictions. Without that evidence, the factors supporting the trial court's decision are the victim's age and the nature of the offense.
After thoroughly reviewing the record, we find that we do not need to reach the question of whether appellant's prior convictions were before the trial court. Under the particular facts of this case, the combination of the victim's young age (thirteen) and the disturbing nature of this offense is sufficient to support the trial court's determination that appellant is a sexual predator. Appellant's third assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.