OPINION
{¶ 1} Defendant-appellant, Gary Brancho, appeals from the decision of the Mahoning County Court of Common Pleas convicting him of unlawful restraint and sentencing him to sixty days in jail, following a jury trial.
 {¶ 2} The Mahoning County Grand Jury indicted appellant on July 14, 1995 on one count of kidnapping in violation of R.C. 2905.01(A)(3)(B) with a firearm specification and one count of felonious sexual penetration in violation of R.C. 2907.12(A)(2) with a firearm specification. He proceeded to a jury trial on February 10, 1997. The trial court instructed the jury on kidnapping and felonious sexual penetration and, over appellant's objection, the lesser included offenses of abduction, unlawful restraint, and attempted felonious penetration. The jury returned not guilty verdicts on all charges except for unlawful restraint to which it returned a guilty verdict. The court proceeded immediately to sentencing. It sentenced appellant to 60 days in jail, found that appellant served in excess of that amount of time awaiting trial, gave him credit for time served, and ordered that he be released.
 {¶ 3} The trial court entered judgment on the verdicts on February 20, 1997. Appellant filed his timely notice of appeal on March 18, 1997. After numerous counsel changes and extensions of time, appellant finally filed his brief on November 30, 2001.
 {¶ 4} Appellant raises two assignments of error, the first of which states:
 {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY INSTRUCTING THE JURY ON THE ALLEGED LESSER-INCLUDED OFFENSE OF UNLAWFUL RESTRAINT, A MISDEMEANOR THREE, SINCE SUCH INSTRUCTION VIOLATED APPELLANT'S RIGHTS PURSUANT TO R.C. 2945.73."
 {¶ 6} Appellant argues that the trial court should not have instructed the jury on the misdemeanor of unlawful restraint, a lesser included offense of kidnapping, over his objection. He claims that since he was not originally charged with a misdemeanor, the trial court was without authority to charge the jury on any misdemeanors. Appellant agues that pursuant to R.C. 2945.73(C), he was entitled to discharge on any misdemeanors as a matter of law.
 {¶ 7} Appellant was indicted on July 14, 1995. He was held in jail pending trial. Appellant waived his speedy trial rights on September 7, 1995, 55 days after being indicted. He consented to a reasonable continuance and requested at least five continuances himself. (See September 7, 1995 motion; February 28, 1996 motion; June 25, 1996 judgment entry; July 24, 1996 judgment entry; September 9, 1996 motion). Appellant's trial commenced on February 10, 1997 and ended on February 18, 1997. The trial court sentenced appellant to 60 days, gave appellant credit for 617 days served and ordered his release.
 {¶ 8} Appellant claims that had he been originally charged with a misdemeanor, he would have been entitled to immediate discharge pursuant to R.C. 2945.73(C) after serving 60 days in jail. Accordingly, he argues since he was entitled to discharge as a matter of law on any misdemeanors, the trial court was precluded from instructing the jury on any misdemeanors.
 {¶ 9} Appellant was originally charged with two felonies with firearm specifications, kidnapping and felonious sexual penetration. The trial court instructed the jury on these charges and on the lesser included offenses of unlawful restraint, abduction, and attempted felonious sexual penetration. The only offense the jury convicted appellant of was unlawful restraint. Unlawful restraint is a third degree misdemeanor and carries with it a maximum penalty of 60 days in jail. R.C. 2905.03(B); R.C. 2929.21(B)(3).
 {¶ 10} R.C. 2945.73 provides in pertinent part:
 {¶ 11} "(B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code.
 {¶ 12} "(C) Regardless of whether a longer time limit may be provided by sections 2945.71 and 2945.72
of the Revised Code, a person charged with misdemeanor shall be discharged if he is held in jail in lieu of bond awaiting trial on the pending charge:
 {¶ 13} "(1) For a total period equal to the maximum term of imprisonment which may be imposed for the most serious misdemeanor charged; "
 {¶ 14} The statutory language does not support appellant's argument. R.C. 2945.73(C) provides that "a person charged with amisdemeanor shall be discharged if he is held in jail in lieu of bondawaiting trial on the pending charge." (Emphasis added.) Appellant was charged with two felonies and was held in jail awaiting trial on those felonies. The fact that he was ultimately acquitted on the felonies and convicted on a lesser included misdemeanor, does not bring appellant within the ambit of R.C. 2945.73(C).
 {¶ 15} Accordingly, appellant's first assignment of error is without merit.
 {¶ 16} Appellant's second assignment of error states:
 {¶ 17} "THE TRIAL COURT ERRED BY INSTRUCTING THE JURY ON THE ALLEGED LESSER-INCLUDED OFFENSE OF UNLAWFUL RESTRAINT UNDER CIRCUMSTANCES WHERE THE DEFENDANT DID NOT REQUEST IT; DEFENDANT WAIVED ANY APPEAL; AND THE EVIDENCE DID NOT WARRANT SUCH INSTRUCTION."
 {¶ 18} Appellant argues that the trial court should not have given the instructions on the lesser included offenses, including unlawful restraint, because he objected to them. He points out that he was willing to waive appeal in exchange for the court refraining from giving the lesser included offense instructions. (Tr. 1319-21). He argues that by instructing the jury on the lesser included offenses the trial court prejudiced him. He points our attention to the jury's questions where they asked the court to redefine kidnapping, abduction and unlawful restraint and asked if appellant could be convicted of unlawful restraint if he assaulted the victim. Appellant alleges that these questions demonstrate the prejudice to him. Appellant also argues that neither his co-defendant, Gennaro Bellard (Bellard), nor appellee requested the instruction on unlawful restraint. He finally alleges that the evidence did not support the charge of unlawful restraint.
 {¶ 19} An instruction on a lesser included offense is only required when the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus. The fact that an offense may be a lesser included offense of the crime charged does not compel the court to instruct the jury on both offenses. State v. Wilkins (1980), 64 Ohio St.2d 382, 387. "If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given." (Emphasis added.) Id. at 388.
 {¶ 20} Unlawful restraint is a lesser included offense of kidnapping. State v. Ricchetti (1991), 74 Ohio App.3d 728, 731. R.C.2905.01 defines kidnapping. Appellant was indicted under R.C.2905.01(A)(3). This sections provides, in relevant part:
 {¶ 21} "(A) No person, by force, threat, or deception, * * * by any means, shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes:
 {¶ 22} "* * *
 {¶ 23} "(3) To terrorize, or to inflict serious physical harm on the victim or another." R.C. 2905.01(A)(3).
 {¶ 24} R.C. 2905.03(A) defines unlawful restraint. It provides, "[n]o person, without privilege to do so, shall knowingly restrain another of his liberty." R.C. 2905.03(A).
 {¶ 25} Accordingly, if the evidence at trial supported an acquittal on the charge of kidnapping and a conviction on the lesser included offense of unlawful restraint, the trial court was obligated to give the unlawful restraint instruction regardless of whether appellant wanted the charge or not. Schmidt, 100 Ohio App.3d at 171; Wilkins,64 Ohio St.2d at 388. The Ohio Supreme Court explained the logic for this rule in State v. Loudermill (1965), 2 Ohio St.2d 79. It reasoned:
 {¶ 26} "It is the duty of the court to give, as well as that of the jury to consider, a charge on the lesser included offenses which are shown by the evidence to have been committed.
 {¶ 27} "This salutary rule requires the jury neither to speculate nor to mete out punishment. On the contrary, if evidence tending to prove a lesser included offense is present and a jury is inhibited by the charge from finding defendant guilty thereof, the collective conscience of that body may too easily be disposed to fabricate the elements of the crime charged in the indictment and to find defendant guilty as charged rather than risk, by a verdict of acquittal, turning the malefactor loose upon a society grievously harmed by his act. This is speculation at its worst and a natural and probable consequence of a failure to charge on a lesser included offense when evidence of its commission is present." Id. at 80-81.
 {¶ 28} Thus, by instructing the jury on the lesser included offenses, the trial court was protecting appellant's rights.
 {¶ 29} Given the evidence presented at trial, it was reasonable for the jury to find appellant not guilty of kidnapping but guilty of unlawful restraint. Mohamed Chaibi (Chaibi) testified that appellant forced him into a car at gunpoint and later tied him up and caused him physical harm. (Tr. 592-93, 597-600). However, several other witnesses testified that Chaibi approached appellant and willingly got into appellant's car. (Tr. 1122-23, 1149, 1187, 1241). This testimony supports an acquittal on the charge of kidnapping.
 {¶ 30} The following evidence supports a conviction on unlawful restraint. Jules Gasior (Gasior) admitted to a Youngstown police officer that he saw Chaibi tied up at the Glenellen Drive house. (Tr. 893). Bellard testified that both he and appellant were hitting Chaibi. (Tr. 1281-82). Bellard also testified that he held Chaibi on the ground while appellant hit him. (Tr. 1281-82). Gasior also testified that this hitting was going on while Chaibi was in a chair. (Tr. 889). Bellard further testified that they tried to subdue Chaibi. (Tr. 1301). Finally, Chaibi testified that when he arrived at the Glenellen Drive house, appellant and Bellard restrained him and tied him up. (Tr. 592-93, 596-97).
 {¶ 31} Under this view of the testimony, there was evidence to support both an acquittal on the kidnapping charge and a conviction on the lesser included offense of unlawful restraint.
 {¶ 32} Thus, appellant's second assignment of error is without merit.
 {¶ 33} For the reasons stated above, the decision of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.