JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Joseph Huber appeals his convictions entered upon a bench trial in the Cuyahoga County Court of Common Pleas for one count of kidnapping, a violation of R.C. 2905.01 and two counts of felonious assault, a violation of R.C. 2903.11. For the following reasons, we affirm the decision of the trial court, but remand for resentencing in compliance with R.C. 2929.19(B)(3).
 {¶ 2} On May 11, 2001, defendant was an inmate at the Cleveland House of Corrections in Highland Hills, Ohio. After complaining of pains in his groin area, he was brought down to the facility's medical clinic to see Dr. Clare Cotton, the in-house doctor. While in the examination room, defendant pulled from his pants a U-shaped metal stake, made from a quarter inch piece of metal from a mop bucket, with a sharp point.
 {¶ 3} Defendant, holding the metal stake, directed Dr. Cotton to accompany him out of the facility. When Dr. Cotton told defendant that he did not have his car keys or the authority to call off the guards, defendant grabbed Dr. Cotton by his tie and wrapped it around his neck. Defendant left the examination room holding the weapon in one hand and Dr. Cotton by his necktie in the other. Defendant told Dr. Cotton that he would kill him if the guards jumped him, a statement he also repeated to Officer Michael Bush, who was nearby.
 {¶ 4} Officer Bush radioed for help, despite defendant's warning that he would kill Dr. Cotton if he did so. Officers Antonio Calez, Jamie Cruz, and Thomas Bednarski came to the assistance of Officer Bush and Dr. Cotton. Officer Calez sneaked behind a desk within the examination office and tackled defendant from behind. Dr. Cotton was able to escape as defendant fell to the floor with Officer Calez. During the struggle, defendant made upward stabbing motions with the sharpened metal stake. Officer Cruz was stabbed in the knee. Defendant was restrained and taken back into custody. Officer Cruz received treatment at Meridia South Pointe Hospital for his injuries.
 {¶ 5} On May 24, 2001, defendant was indicted by the Cuyahoga County Grand Jury on five counts: Count I, kidnapping of Dr. Cotton; Count II, aggravated robbery; Counts III, IV and V, felonious assault of Dr. Cotton, Officer Cruz, and Officer Calez, respectively.
 {¶ 6} On October 15, 2001, defendant waived his right to a jury and the trial began. On October 16, 2001, the Judge returned a verdict finding defendant guilty of kidnapping, in violation of R.C. 2905.01, and guilty of felonious assault as charged in Count III and IV, in violation of R.C. 2903.11.[1]
 {¶ 7} On November 6, 2001, defendant was sentenced to six years for each count, to run concurrently, for a total sentence of six years. In the journal entry, dated November 6, 2001, defendant was sentenced to eight years on the kidnapping count and six years for each count of felonious assault, to run concurrently, for a total of eight years. The journal entry also ordered defendant to three years of post-release control.
 {¶ 8} Defendant appeals his convictions and sentence and raises eight assignments of error for our review.[2] We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion.
 {¶ 9} "I. The evidence of Mr. Huber's intent was insufficient to support a conviction for the offense of felonious assault against Dr. Cotton alleged in Count III.
 {¶ 10} "II. The evidence was insufficient to sustain the convictions for felonious assault alleged in Counts III and IV, respectively, because there was insufficient evidence that Mr. Huber possessed a "deadly weapon."
 {¶ 11} In these assignments of error, defendant argues that the evidence was insufficient to support his convictions for felonious assault. We disagree.
 {¶ 12} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution.State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 13} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997),78 Ohio St.3d 380, 386.
 {¶ 14} Defendant first argues that there was insufficient evidence that he intended to physically harm Dr. Cotton as charged in Count III of the indictment. We disagree.
 {¶ 15} Defendant was charged with felonious assault in violation of R.C. 2903.11. R.C. 2903.11 defines the crime of felonious assault and provides, in pertinent part, as follows:
 {¶ 16} "(A) No person shall knowingly:
 {¶ 17} "(2) Cause or attempt to cause physical harm to another by means of a deadly weapon * * *;
 {¶ 18} When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant intended to cause physical harm to Dr. Cotton and the trial court properly denied his motion for judgment of acquittal.
 {¶ 19} A person is guilty of criminal attempt when the person purposely does anything constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. State v.Woods (1976), 48 Ohio St.2d 127. To constitute a substantial step, the conduct must be strongly corroborative of the actor's criminal purpose. Id.
 {¶ 20} The act of pointing a deadly weapon at another, without additional evidence regarding the actor's intention, is insufficient evidence to convict a defendant of the offense of felonious assault as defined by R.C. 2903.11(A)(2). State v. Brooks (1989), 44 Ohio St.3d 185. However, the act of pointing a deadly weapon at another "coupled with a threat, which indicates an intention to use such weapon," is sufficient evidence to support a conviction for felonious assault. State v. Green
(1991), 58 Ohio St.3d 239.
 {¶ 21} Here, Dr. Cotton testified that defendant pulled a sharpened metal stake, made from the handle of a mop bucket, and threatened to kill him with it if the guards jumped him. Dr. Cotton testified that defendant wrapped his necktie around his neck and led him out of the room, holding him by the necktie in one hand, and the weapon in the other hand. Officer Bush testified that the metal stake was positioned approximately one inch away from Dr. Cotton's neck. Officer Bush testified that defendant told him that he would kill Dr. Cotton if he radioed for help.
 {¶ 22} When this evidence is viewed in the light most favorable to the State, the trial court could find that the defendant's actions, together with his evident threat, demonstrated an intent to cause harm to Dr. Cotton. The court could also find that the defendant's actions "amounted to a substantial step in a course of conduct calculated to cause physical harm" to Dr. Cotton. State v. Brooks, supra at 188. Finally, the court could also find that defendant's actions were "strongly corroborative" of an intent to cause physical harm to Dr. Cotton. State v. Woods, supra.
 {¶ 23} After viewing this evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found the essential elements of felonious assault proven beyond a reasonable doubt. Defendant's arguments to the contrary must fail.
 {¶ 24} Next, defendant argues that there was insufficient evidence that the metal stake was a deadly weapon. We disagree.
 {¶ 25} R.C. 2923.11(A) defines deadly weapon for the purpose of felonious assault as any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon.
 {¶ 26} An item does not have to be one that kills in order to be a deadly weapon. In re Smith (2001), 142 Ohio App.3d 23, 24. No item, no matter how small or commonplace, can be safely disregarded for its capacity to cause death when it is wielded with the requisite intent and force. Id., citing State v. Deboe (1977), 62 Ohio App.2d 192, 193-194.
 {¶ 27} Here, defendant used a sharpened metal stake, made from the handle of a mop bucket, to threaten Dr. Cotton and stab Officer Cruz. The use of a piece of wire fashioned to a sharp point as a weapon has been found to support a conviction for felonious assault. State v. Quinones
(Jan. 22, 1990), Richland App. No. CA-2687. See, also, In re Smith, supra (a ballpoint pen could be used as a deadly weapon); State v. Hicks
(1984), 14 Ohio App.3d 25, 26 (a toy gun is capable of inflicting death because of its possible use as a bludgeon); State v. Chancey (Feb. 17, 2000), Cuyahoga App. Nos. 75633 and 76277 (the use of a beer bottle as a weapon has been found to support a conviction for felonious assault.)
 {¶ 28} Accordingly, a reasonable trier of fact could find the metal stake sufficiently sharp that it could pierce the human body and, if used on a particularly vulnerable spot, could cause death. Defendant's arguments to the contrary must fail.
 {¶ 29} Defendant's first and second assignment of error are overruled.
 {¶ 30} "III. The convictions for felonious assault in counts three and four were against the manifest weight of the evidence."
 {¶ 31} "VII. The conviction for kidnapping was against the manifest weight of the evidence."
 {¶ 32} In his third and seventh assignments of error, defendant argues that his convictions for felonious assault and kidnapping are against the manifest weight of the evidence. We disagree.
 {¶ 33} In a bench trial, the court assumes the fact-finding function of the jury. Accordingly, to warrant reversal from a bench trial under a manifest weight of the evidence claim, it must be determined that the court clearly lost its way and created such a
 {¶ 34} manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387. Due deference must be accorded the findings of the trial court because the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 35} Defendant first argues that his convictions for felonious assault are against the manifest weight of the evidence since no one suffered serious physical harm and the metal stake was not a deadly weapon. We disagree.
 {¶ 36} At trial, Dr. Cotton testified that defendant held the metal stake at his back and threatened to kill him with it. Officer Bush testified that defendant held the metal stake to Dr. Cotton's throat and threatened to kill him if Officer Bush radioed for help. He also testified that he assisted in subduing the defendant. Officer Calez testified that he responded to Officer Bush's call for help. He testified that he grabbed the defendant from behind to subdue him and removed the metal stake from his hand. Officer Calez was injured during the altercation when he hit the floor. Officer Cruz testified that he also responded to Officer Bush's call for help. He testified that defendant threatened to kill Dr. Cotton if anyone came near him. He testified that the defendant made upward stabbing motions with the metal stake while he and the other officers were attempting to subdue him. Officer Cruz was stabbed in the knee by the defendant.
 {¶ 37} Under the circumstances, we conclude that the same facts that overcome a sufficiency of the evidence claim also overcome his manifest weight argument. We do not find that the court clearly lost its way and created a manifest miscarriage of justice when evaluating the evidence and finding that defendant was guilty of felonious assault. Substantial, competent, and credible evidence supports the court's verdict.
 {¶ 38} Next, defendant argues pro se that his conviction for kidnapping is against the manifest weight of the evidence since he did not restrain Dr. Cotton. We disagree.
 {¶ 39} Kidnapping, as charged against defendant, is committed when one, by force, threat, or deception, restrains the liberty of another person to hold as a shield or hostage or to facilitate the commission of a felony or flight thereafter. R.C. 2905.01(A)(1)(2).
 {¶ 40} Here, Dr. Cotton testified that defendant held the metal stake at his back and threatened to kill him with it. Dr. Cotton testified that defendant demanded his car keys so that he could leave the building. Dr. Cotton testified that defendant, while holding the metal stake at his back, and while holding him by a tie wrapped at his neck, ordered him to leave the examination room. Officer Bush testified that defendant positioned Dr. Cotton in front of him, while holding the metal stake to his throat, and threatened to kill him if Officer Bush radioed for help.
 {¶ 41} Based on the foregoing, credible evidence was presented that defendant used physical force, and the threat of force, to restrain Dr. Cotton's liberty in order to escape from the building and use Dr. Cotton as a hostage. Accordingly, we do not find that the court clearly lost its way and created a manifest miscarriage of justice when evaluating the evidence and finding that defendant was guilty of kidnapping.
 {¶ 42} Defendant's third and seventh assignments of error are overruled.
 {¶ 43} "IV. The trial court was without jurisdiction to conduct a bench trial because the requirements of R.C. 2945.05 were not strictly followed."
 {¶ 44} In his fourth assignment of error, defendant claims that the trial court lacked jurisdiction when it conducted a bench trial because it failed to comply with the strict requirements of R.C. 2945.05. Specifically, defendant claims that the jury waiver (1) was not executed in open court and (2) was not actually filed prior to the start of his trial.
 {¶ 45} R.C. 2945.05, which governs a defendant's waiver of his right to a trial by jury, provides:
 {¶ 46} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * * Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel."
 {¶ 47} Here, defendant signed his jury waiver before the beginning of his trial. Defendant's counsel stated in open court that defendant was willing to waive trial by jury. (Tr. 5). Defendant acknowledged the waiver and stated in open court that he was willing to waive trial by jury. (Tr. 20-21). The trial court filed the signed jury waiver eight days later and included it as part of the record. Thus, the trial court fulfilled all the requirements of R.C. 2945.05 and had jurisdiction to try the defendant without a jury.
 {¶ 48} Defendant's reliance on State v. Pless (1996),74 Ohio St.3d 333 is misplaced. In Pless, the Ohio Supreme Court reversed the defendant's conviction because his written, signed jury waiver was not filed and made a part of the record. The Court held that strict compliance with the statute is required. Id. at paragraph 1 of the syllabus. However, Pless makes no rule pertaining to when the filing must occur. Indeed, subsequent cases indicate that the critical issue is not whether the filing occurred prior to the start of trial, but whether the filing ever occurred. See State v. Bryant (May 2, 2002), Cuyahoga App. No. 79841; State v. Miller (Feb. 21, 2002), Cuyahoga App. No. 79788;State v. Antoncic (Nov. 22, 2000), Cuyahoga App. No. 77678.
 {¶ 49} Finally, this Court has held that it is not necessary that the waiver be signed in open court to be valid so long as the trial court engages in a colloquy with the defendant extensive enough for the trial judge to make a reasonable determination that the defendant has been advised and is aware of the implications of voluntarily relinquishing a constitutional right. State v. Ford (March 14, 2002), Cuyahoga App. Nos. 79441 and 79442; State v. Gammalo (July 5, 2001), Cuyahoga App. No. 78531.
 {¶ 50} Defendant's fourth assignment of error is overruled.
 {¶ 51} "V. The trial court's journal entry imposing an eight-year term of imprisonment must be vacated and a six-year term of imprisonment must be imposed in conformity with the sentence the trial court imposed in open court."
 {¶ 52} In his fifth assignment of error, defendant argues that the trial court improperly imposed a greater sentence through its journal entry than was imposed in open court. The State concedes that the defendant is correct.
 {¶ 53} Accordingly, defendant's fifth assignment of error is well taken.
 {¶ 54} "VI. The trial court erred in including mention of a post-release control term in its journal entry memorializing the sentence imposed when no mention was ever made at the time of Mr. Huber's sentencing regarding a post-release control term."
 {¶ 55} In his sixth assignment of error, defendant maintains that the trial court erred by failing to notify him of the post-release control provisions of R.C. 2929.19(B)(3) at the sentencing hearing. We agree.
 {¶ 56} This Court has consistently held that the trial court has a mandatory duty at the sentencing hearing to notify the defendant that he is subject to post-release control. See State v. Bryant (May 2, 2002), Cuyahoga App. No. 79841; State v. Rashad (Nov. 8, 2001), Cuyahoga App. No. 79051; State v. Wright (Sep. 28, 2000), Cuyahoga App. No. 77748;State v. Shine (Apr. 29, 1999), Cuyahoga App. No. 74053. "At sentencing" means "at the sentencing hearing," rather than "in the sentencing entry."State v. Bryant, supra.
 {¶ 57} A review of the sentencing hearing transcript shows that the trial court failed to satisfy the notification requirements of R.C.2929.19(B)(3). Thus, defendant's sixth assignment of error is well taken.
 {¶ 58} "VIII. The trial court erred in failing to consider the lesser included offenses for kidnapping."
 {¶ 59} In his eighth assignment of error, defendant argues pro se that the trial court erred in failing to consider the lesser included offenses of abduction and unlawful restraint. We disagree.
 {¶ 60} Abduction and unlawful restraint are lesser included offenses of kidnapping. State v. Ricchetti (1991), 74 Ohio App.3d 728,731. However, a charge on such lesser included offenses is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. State v. Thomas (1988), 40 Ohio St.3d 213.
 {¶ 61} Here, the evidence shows that defendant forcibly restrained Dr. Cotton with a metal stake and threatened to kill him. The record does not, therefore, support an acquittal of kidnapping. Accordingly, defendant was not entitled to a charge on any lesser included offenses.
 {¶ 62} Defendant's eighth assignment of error is overruled.
Judgment affirmed; remanded for resentencing.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).
[1] Defendant was acquitted of aggravated robbery (Count II) and felonious assault on Officer Calez (Count V).
[2] On September 9, 2002, defendant filed a pro se brief containing two additional assignments of error. These will be numbered VII and VIII for purposes of this opinion.