OPINION
{¶ 1} Defendant, Brian R. Hous, was convicted after a trial by jury of Aggravated Burglary, R.C. 2911.11(A)(2), and a firearm specification attached to the charge pursuant to R.C. 2941.141. Hous was sentenced to serve six years incarceration for the Aggravated Burglary offense and a consecutive one year on the firearm specification.
{¶ 2} We granted Hous's motion for leave to file a delayed appeal. We find that Hous's conviction for Aggravated Burglary is void because an essential element of that offense was omitted from the indictment that charged it. However, because the statutory elements which were charged in the indictment alleged the lesser-included offense of Burglary, the case will be remanded to the trial court to enter a judgment of conviction for that offense founded on the guilty verdict on the Aggravated Burglary charge which the jury returned.
FIRST ASSIGNMENT OF ERROR
{¶ 3} "Appellant's conviction for aggravated burglary should not stand because appellant was indicted for burglary."
{¶ 4} Article I, Section 10 of the Ohio Constitution provides, inter alia, that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury." That section enforces the due process requirement of the Fourteenth Amendment that a criminal defendant must be given fair notice of the charge or charges against him in order to permit him to prepare a defense. In reOliver (1948), 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682.
{¶ 5} In Ohio, all crimes are statutory. Municipal Court ofToledo v. State ex rel Platter (1933), 126 Ohio St. 103; Statev. Freemont Lodge of Loyal Order of Moose (1949),151 Ohio St. 19. Therefore, and in order to satisfy the due process requirement, the charge set out in an indictment must either be "in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." Crim.R. 7(B).
{¶ 6} Aggravated Burglary, as it is defined by R.C.2911.11(A)(2) provides:
{¶ 7} "No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
{¶ 8} "* * *
{¶ 9} "The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."
{¶ 10} Hous's conviction for Aggravated Burglary arose from events of December 13, 2001, when House broke into a residence in Beavercreek and stole a number of guns. The subsequent indictment charged a violation of R.C. 2911.11(A)(2) in the words of the principal part of that section, but omitted any reference to the further deadly weapon or dangerous ordnance element of the offense. A subsequent bill of particulars identified "eleven (11) guns from the residence" as the articles that Hous stole. Further, the court's instructions to the jury identified the deadly weapon/dangerous ordnance element as an element of the offense the jury was required to find in order to convict Hous of Aggravated Burglary.
{¶ 11} Hous argues that the indictment was defective for its failure to include any reference to the deadly weapon/dangerous ordnance element of Aggravated Robbery. We agree. We also agree that neither the bill of particulars nor the trial court's proper instructions to the jury could cure the defect. It is fundamental that a bill of particulars cannot cure a defective indictment.State v. Grinnell (1996), 112 Ohio App.3d 124. Further, jury instructions given at the end of a trial cannot relate back to give an accused adequate notice of charges against which an accused must defend, which necessarily must be set out at the commencement of a prosecution by way of an indictment per ArticleI, Section 10, Ohio Constitution, absent a waiver and a plea to a bill of information entered pursuant to R.C. 2941.021.
{¶ 12} Hous might have objected to the defect in the indictment prior to trial, but he didn't. Crim.R. 12(C)(1) provides that objections based on defects in an indictment must be raised by pretrial motion. The plain implication of that requirement is that failure to object waives any error the defect involves.
{¶ 13} Hous argues that the defect is not subject to waiver because it is jurisdictional in nature; that the defect rendered the indictment insufficient to confer jurisdiction on the court to try and convict Hous on the Aggravated Burglary charge. If so, the defect is fatal, notwithstanding any waiver, because waiver cannot operate to create subject-matter jurisdiction that a court lacks. A common plea's court's subject-matter jurisdiction can be created only by a statutory enactment. Article IV, Section 4(B), Ohio Constitution; Mattone v. Argentina (1931),123 Ohio St. 393. "Where a court has no jurisdiction over the subject matter of an action or an appeal, a challenge to jurisdiction on such ground may effectively be made for the first time on appeal in a reviewing court." Jenkins v. Keller (1966), 6 Ohio St.2d 122, paragraph five of the syllabus.
{¶ 14} Hous relies on State v. Cimpritz (1953),158 Ohio St. 490. There, the defendant was convicted of Attempted Burglary. The section of the General Code defining that offense included as an element of it that the act of breaking and entering was committed "maliciously and forcibly." The indictment charged only that the defendant's acts were committed "unlawfully." The omission was a defect, for which the defendant moved to quash the indictment. The motion was denied, and he was subsequently convicted. On appeal, the Supreme Court found that the defect was fatal because, as a result, the indictment failed to charge an offense at all. The court further held:
{¶ 15} "A judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding." Id., Syllabus by the Court, paragraph 6.
{¶ 16} The holding of Cimpritz was subsequently modified to exclude collateral attacks. Midling v. Perrini (1968),14 Ohio St.2d 106. That does not, of course, affect the right Hous exercises to attack the jurisdictional defect in this direct appeal.
{¶ 17} Unlike the defendant in Cimpritz, Hous failed to bring the defect in his indictment to the court's attention by way of a motion or objection. That failure does not waive the jurisdictional defect. Jenkins v. Keller. Even had he objected, the court could not have cured the defect by amending the indictment to include the deadly weapon/dangerous ordnance element. That would have changed the identity of the offense with which Hous was charged. Crim.R. 7(D) prohibits an amendment to that effect. To properly charge Aggravated Burglary, reindictment was required. There was no reindictment, however.
{¶ 18} The State argues against reversal, urging us to affirm Hous's conviction for Aggravated Burglary. We find that the rule of Cimpritz prevents that. Because the indictment failed to charge the offense of Aggravated Burglary, it failed to invoke the court's jurisdiction to enter a judgment of conviction for that offense, and Defendant-Appellant's conviction for Aggravated Burglary is therefore void. Id. However, a further distinction exists between these facts and those in Cimpritz.
{¶ 19} Unlike in Cimpritz, in which the indictment as it was drawn stated no offense at all, Hous's indictment fully and adequately alleged a violation of R.C. 2911.12(A)(1), the Burglary statute. That section is identical to R.C.2911.11(A)(2), the Aggravated Burglary section charged in the indictment, except that Burglary as R.C. 2911.12(A)(1) defines it does not contain a deadly weapon/dangerous ordnance element.
{¶ 20} As the indictment was drawn, Hous was put on notice that he was accused of Burglary, and he was tried for that offense and found guilty of it. The fact that the indictment instead cited R.C. 2911.12(A)(2) as the pertinent section of the Revised Code defining the violation alleged does not create a fatal defect. Crim.R. 7(B) provides: "Error in the numerical designation (of the offense charged) shall not be ground for . . . reversal of a conviction if the error or omission did not prejudicially mislead the Defendant." Hous doesn't claim that he was misled. Neither can the State reasonably claim that it was unfairly prejudiced; the State's failure to draw a proper indictment was the cause of the defect involved.
{¶ 21} The indictment fully alleged the offense of Burglary, as it is defined by R.C. 2911.12(A)(1), because every element of that offense is contained within Aggravated Burglary as R.C.2911.11(A)(2) defines it and as that offense was charged in the indictment. Therefore, when the jury returned a verdict of guilty on the Aggravated Robbery charge, it necessarily found that each and every element of Burglary was proved beyond a reasonable doubt.
{¶ 22} Burglary, R.C. 2911.12(A)(1), is a lesser-included offense of Aggravated Burglary, R.C. 2911.11(A)(2), under the test prescribed in State v. Deem (1988), 40 Ohio St.3d 205. Therefore, per R.C. 2941.25, Hous could be convicted of only one of those two offenses when they arose out of the same act or transaction and were charged in a single proceeding. R.C. 2941.25
codifies the double jeopardy protections of the Fifth Amendment. That constitutional provision further protects against successive prosecutions for allied offenses of similar import, no matter in what sequence. Brown v. Ohio (1977), 432 U.S. 161,97 S.Ct. 2221, 53 L.Ed.2d 187.
{¶ 23} Hous's conviction for Aggravated Burglary is void, perCimpritz, so the conviction itself could not bar his successive prosecution for that offense or for the lesser-included offense of Burglary. However, because his indictment and trial put Hous once in jeopardy of a conviction for Burglary, he may not be prosecuted in a subsequent proceeding for either that offense or for the greater offense of Aggravated Burglary arising from the break-in he committed on September 13, 2001. Brown.
{¶ 24} Those considerations do not likewise bar Hous's conviction for Burglary on the verdict the jury returned in the underlying trial, however. The charge for a violation of that offense was one of which Hous had notice, because the charge was stated within the words of the Aggravated Burglary statute. Crim.R. 7(B). Further, the jury's verdict necessarily found House guilty of committing all the essential elements of the offense of Burglary, for which a conviction and sentence is mandated by Crim.R. 32(C).
{¶ 25} We will reverse Hous's conviction for Aggravated Burglary and return the case to the trial court on our special remand to enter a judgment of conviction and sentence against Hous for the offense of Burglary. This judgment does not affect the one-year sentence the court imposed on the Hous's conviction for the firearm specification attached to the principal felony offense the indictment charged.
{¶ 26} The first assignment of error is sustained.
SECOND ASSIGNMENT OF ERROR
{¶ 27} "Appellant was denied his constitutional right to receive effective assistance of counsel in violation of thefifth, sixth, and fourteenth amendments to the United States constitution."
{¶ 28} A defendant who claims ineffective assistance of trial counsel, Defendant must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonable representation, and that the defendant was prejudiced by counsel's performance; that is that a reasonable probability exists that but for counsel's unprofessional errors, the result of the trial or proceeding would have been different. Stricklandv. Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136.
{¶ 29} Defendant Hous argues that his trial counsel performed deficiently by failing to bring the defect in the indictment to the trial court's attention. Had that been done, Hous might have been reindicted and convicted for Aggravated Burglary. Counsel's omission has instead resulted in a conviction for the lesser-included offense of Burglary. Therefore, even assuming that defense counsel performed deficiently by failing to raise this issue either before or during trial, that deficient performance did not result in any prejudice to Defendant as that term is defined by Strickland Ineffective assistance of counsel has not been demonstrated.
{¶ 30} The second assignment of error is overruled.
FIFTH ASSIGNMENT OF ERROR
{¶ 31} "The trial court erred in sentencing appellant for aggravated burglary."
{¶ 32} This assignment of error is rendered moot by our determination of the first assignment. Therefore, we decline to decide it. App. R. 12(A)(1)(c).
THIRD ASSIGNMENT OF ERROR
{¶ 33} "The firearm specification finding is based upon insufficient evidence."
{¶ 34} Defendant argues that the jury's guilty verdict on the firearm specification attached to the Aggravated Burglary charge that alleges Defendant had a firearm on or about his person or under his control while committing that offense is not supported by legally sufficient evidence.
{¶ 35} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, (1997),78 Ohio St.3d 380. The proper test to apply in such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks
(1991), 61 Ohio St.3d 259:
{¶ 36} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
{¶ 37} "Firearm" is defined as a deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. R.C. 2923.11(B)(1). The definition expressly includes an unloaded firearm. "Deadly weapon" is defined as any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon. R.C.2923.11(A).
{¶ 38} The firearm specification was based upon Defendant's theft of David K. Kirk's gun collection during his burglary of the Kirk residence. All the guns were recovered from Defendant's vehicle and returned to David Kirk. The evidence presented at trial demonstrates that none of those guns were loaded, and that Defendant did not use those guns as weapons during the burglary. Therefore, Defendant argues, the evidence was not legally sufficient to prove that the guns were deadly weapons, and therefore cannot sustain his conviction on the firearm specification.
{¶ 39} The owner of the guns, David K. Kirk, testified at trial that prior to the theft he had fired each of those guns, some of them hundreds of times. The evidence demonstrates that when a sample of three of the eleven guns stolen were subsequently test fired at the crime lab seven months after this offense, in July 2002, they were all operable. David K. Kirk testified that none of the guns test fired at the crime lab had been altered or modified in any way after this offense occurred.
{¶ 40} This evidence, construed in a light most favorable to the State, is sufficient to demonstrate that one or more of the guns stolen by Defendant from David Kirk's home was operable and satisfies the definition of "firearm." The fact that the guns were unloaded when stolen is of no consequence because the definition of firearm expressly includes an unloaded gun. Obviously these guns were capable of inflicting death and were designed for use as a weapon.
{¶ 41} Defendant argues that, even so, he did not use or otherwise employ those guns or any of them in committing the offense of Burglary. Rather, they were the objects of his theft offense, the property that was stolen. The evidence shows that Hous carried the guns from the residence wrapped in a sheet or comforter, and he didn't employ them during or after the Burglary to commit that crime.
{¶ 42} R.C. 2929.14(D)(1)(a)(iii) provides that a felony offender must be sentenced to an additional term of incarceration of one year if the offender had "a firearm on or about the offender's person or under the offender's control while committing the felony." That section does not require that the firearm be used in any way in furtherance of the offense. It requires only possession and/or control. The evidence against Defendant was sufficient as a matter of law to prove that proposition.
{¶ 43} The third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
{¶ 44} "The trial court erred in improperly instructing the jury on the issue of lesser included offense."
{¶ 45} Again, this error is rendered moot by our decision concerning the first assignment of error. Therefore, per App.R. 12(A)(1)(c), we decline to decide it.
 Conclusion
{¶ 46} Having sustained the first assignment of error, Defendant-Appellant's conviction will be reversed and the case will be returned to the trial court for its execution of our mandate to enter a judgment of conviction and sentence against Defendant-Appellant for a violation of R.C. 2911.12(A)(1), Burglary. The sentence the court imposed on the firearm specification violation remains unaffected by our judgment.
Brogan, J. and Wolff, J., concur.