OPINION
{¶ 1} In a prior appeal, we affirmed Defendant-Appellant's convictions and sentences for rape and domestic violence but reversed the trial court's sexual predator's designation and remanded for further proceedings on that issue. State v. Jones
(June 20, 2003), Montgomery App. No. 19355.
 {¶ 2} On September 10, 2003, the trial court designated Jones a sexually oriented offender. Jones filed a timely notice of appeal from that order on May 20, 2002. He presents two assignments of error.
FIRST ASSIGNMENT OF ERROR
 {¶ 3} "The trial court was totally without statutory and/or procedural subject-matter jurisdiction in the matter of State v. Jones, as a matter of law in violation of R.C. 2931.02 and R.C.2931.03, O. Const. Art. IV § 4(b), and The fourth and equal protection clause of the fourteenth amendments of the U.S. Constitution."
SECOND ASSIGNMENT OF ERROR
 {¶ 4} "The trial court totally lacked statutory jurisdiction of the parties. as jones was not served with personal service, (R.C. 7.01), and is alleged accuser never initiated lawful prosecution in any court of law, in violation of R.C. 308.08,2935.09, O. Const. Art. IV § 20, and the fourth andfourteenth amendments of the U.S. Constitution."
 {¶ 5} Jones does not contest the sexually oriented offender designation in the final judgment from which his was taken. Rather, he attacks the jurisdiction of the common pleas court to convict and sentence him for the offenses of rape and domestic violence, judgments which we previously affirmed.
 {¶ 6} Lack of subject matter jurisdiction renders any judgment void and subject to collateral attack, and that issue may be raised at any time including for the first time on appeal.Comer v. Bench (May 30, 2003), Montgomery App. No. 19229, 2003-Ohio-2821; State v. Hous (Feb. 13, 2004), Greene App. No. 02CA116, 2004-Ohio-666; McNea v. City of Cleveland (Aug. 4, 1992), Cuyahoga App. No. 62685. See also: State v. Wilson,73 Ohio St.3d 40, 1995-Ohio-217; Johnson v. Timmerman-Cooper,93 Ohio St.3d 614, 2001-Ohio-1803.
 {¶ 7} The appellate jurisdiction of this court is invoked by filing a timely notice of appeal pursuant to App.R. 3. Our jurisdiction terminates upon a final judgment affirming, modifying, reversing or vacating the judgment of the trial court from which the appeal was taken. That occurred with respect to the prior appeal on June 20, 2003. The notice of appeal that Jones filed on May 20, 2002, again invoked our jurisdiction, but the two appeals represent separate and independent actions.
 {¶ 8} A valid, final judgment rendered in a prior action on the merits of the claims presented bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action.Grava v. Parkman (1995), 73 Ohio St.3d 379. The bar likewise applies to claims that could have been raised in the prior action but were not. State v. Perry (1967), 10 Ohio St.2d 175.
 {¶ 9} The jurisdictional claims that Defendant-Appellant now raises could have been raised in the prior action before this court, but were not. Therefore, they are barred from our review in this appeal. The bar may not be avoided by a collateral jurisdictional attack on a judgment entered by the trial court upon a remand ordered in the prior appeal.
 {¶ 10} The assignments of error are overruled. The judgment from which the appeal is taken will be affirmed.
WOLFF, J. and YOUNG, J., concur.