OPINION
{¶ 1} In April 2002, Defendant was convicted of rape and domestic violence and sentenced to concurrent prison terms totaling five years. Defendant was also designated a sexual predator. We affirmed Defendant's convictions and sentences on direct appeal, but reversed and vacated his sexual predator designation and remanded the cause for a new classification determination. State v. Jones (June 20, 2003), Montgomery App. No. 19355, 2003-Ohio-3240.
{¶ 2} On our remand, the trial court reclassified Defendant as a sexually oriented offender. Defendant appealed to this court from that determination, but instead of challenging his new classification, Defendant argued that the trial court had lacked jurisdiction to convict and sentence him for rape and domestic violence. We held that res judicata barred Defendant from raising those jurisdictional claims because they could have been raised in the prior direct appeal but were not. State v. Jones (May 14, 2004), Montgomery App. No. 20109, 2004-Ohio-2424.
{¶ 3} On October 23, 2003, while Defendant's second appeal, from his reclassification as a sexually oriented offender was pending, Defendant filed a "Motion To Correct An Illegal Sentence" in the trial court proceeding. Defendant argued that the trial court lacked jurisdiction to subject him to trial or convict him. The relief which Defendant's motion sought was to have his conviction and sentence vacated. On November 3, 2003, the trial court denied Defendant's motion, noting that Defendant's conviction and sentence had been the subject of an earlier appeal. Defendant timely appealed to this court from the trial court's denial of his motion.
{¶ 4} FIRST ASSIGNMENT OF ERROR
{¶ 5} "The trial court was totally without statutory subject-matter jurisdiction In the matter of State v. Jones as a matter of law."
{¶ 6} SECOND ASSIGNMENT OF ERROR
{¶ 7} "The trial court totally lacked statutory jurisdiction of the accuser and the accused, therefore there is no cause of action between jones and the state of ohio."
{¶ 8} The relief which Defendant sought in his Motion To Correct an Illegal Sentence was to have the trial court vacate his conviction and sentence. The general rule is that a trial court loses jurisdiction to take action in a cause after an appeal is taken and decided. State ex rel. Special Prosecutorsv. Judges (1978), 55 Ohio St.2d 94. The judgment of this court on direct appeal of Defendant's conviction was controlling upon the trial court with respect to all matters within the scope of that judgment. Id. Here, that includes Defendant's convictions and sentences. Therefore, as the trial court correctly found, it lost jurisdiction to vacate Defendant's conviction and sentences after Defendant's direct appeal was taken and decided because granting that relief would be inconsistent with the prior judgment of this reviewing court affirming those convictions and sentences. Id.
{¶ 9} Additionally, we note that the claim preclusion aspects of res judicata barred Defendant from even raising this jurisdictional claim in his October 23, 2003 motion because the claim clearly could have been raised at trial or on direct appeal but was not. Grava v. Parkman, Twp., 73 Ohio St.3d 379,1995-Ohio-331; State v. Perry (1967), 10 Ohio St.2d 175. See also our previous opinion in this case: State v. Jones,
2004-Ohio-2424.
{¶ 10} The assignments of error are overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Young, J, concur.