[Cite as *State v. DeMoss*, 2018-Ohio-4638.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-23 |
| | : | |
| v. | : | Trial Court Case No. 2000-CR-144 |
| | : | |
| PAUL H. DEMOSS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 16th day of November, 2018.

. . . . . . . . . .

SEAN P. MARTIN, Atty. Reg. No. 0091537, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

PAUL H. DEMOSS, Inmate No. 394-132, London Correctional Institution, P.O. Box 69, London, Ohio 43140
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Defendant-appellant Paul DeMoss appeals from a judgment of the Champaign County Court of Common Pleas denying his post-conviction motion to vacate his conviction and sentence. For the reasons that follow, we affirm.

## I. Facts and Procedural History

**{¶ 2}** In August 2000, DeMoss was indicted on one count of rape, one count of attempted murder, and one count of aggravated burglary. Both the attempted murder and the rape counts carried sexually violent predator specifications as set forth in R.C. 2941.148. Following a jury trial, DeMoss was convicted of rape, aggravated burglary and felonious assault.[1] The jury also found him guilty of the sexually violent predator specification attached to the count of rape. He was sentenced to an aggregate prison term of not less than 7 years and not more than life. The conviction and sentence were affirmed by this court on direct appeal. *State v. DeMoss*, 2d Dist. Champaign No. 2001-CA-5, 2002 WL 360581 (Mar. 8, 2002).

**{¶ 3}** On May 15, 2018, DeMoss, acting pro se, filed a document entitled Motion to Correct Illegal Sentence with the trial court. In the motion, DeMoss argued that the indictment was deficient because it did not set forth a violent sexual predator specification. In support, he attached the last page of the indictment to his motion. That page contained the jury foreperson's signature as well as the signature of the clerk indicating that the document was a true and correct copy of the indictment. The last page also set

---

[1] The jury found DeMoss not guilty of the charged count of attempted murder but found him guilty of the lesser-included offense of felonious assault.

forth a summary of the indicted counts without mention of the specifications. DeMoss argued that because the specifications were omitted, his conviction and sentence are void. The State filed a response in which it noted that DeMoss failed to include the entire indictment with the motion and that a review of the actual indictment demonstrated that it did in fact appropriately contain a violent sexual predator specification. The trial court overruled the motion. DeMoss appeals.

## II. Analysis

**{¶ 4}** For his sole assignment of error, DeMoss asserts the following:

THE TRIAL COURT COMMITTED ERROR BY SENTENCING THE APPELLANT TO A PRISON TERM BASED ON SPECIFICATIONS UNDER R.C. 2941.148(A).

**{¶ 5}** DeMoss contends that he was charged by two ambiguous indictments, only one of which set forth a sexually violent predator specification.[2] He argues that the indictments failed to adequately place him on notice of the sexually violent predator specification. Thus, he claims that the conviction on the specification, and the attendant sentence, are void.

**{¶ 6}** "Article I, Section 10 of the Ohio Constitution provides, inter alia, that 'no person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury.' " *State v. Hous*, 2d Dist. Greene No. 02CA116, 2004-Ohio-666, ¶ 4. "That section enforces the due process requirement of

---

[2] The claim that there are two indictments in this case is being raised for the first time on appeal.

the Fourteenth Amendment that a criminal defendant must be given fair notice of the charge or charges against him in order to permit him to prepare a defense." *Id.*, citing *In re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948). "Therefore, and in order to satisfy the due process requirement, the charge set out in an indictment must either be 'in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.' " *Id.* at ¶ 5, citing Crim.R. 7(B).

{¶ 7} Even a cursory review of the record belies DeMoss's claims. The record contains only one indictment, which was filed on August 17, 2000. Further, the front of the indictment indicates that it contains three counts, which are then set forth sequentially. The second count, for rape, clearly states that the grand jury did "find and specify" that DeMoss was a sexually violent predator. The specification also sets forth the appropriate statute therefor. The last page of the indictment, which was submitted with DeMoss's motion, is merely a signature page and summary page of the charges. The fact that the summary did not include the specifications did not render the indictment defective, since the correct charges were contained within the body of the document.

{¶ 8} We conclude that DeMoss's motion is devoid of merit and that the trial court did not err in overruling the motion. Accordingly, the sole assignment of error is overruled.

### III. Conclusion

{¶ 9} The sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Sean P. Martin
Paul H. DeMoss
Hon. Nick A. Selvaggio
c/o Hon. Timothy Campbell, Retired